■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERALD BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rubin, J.), rendered April 27, 1983, convicting him of attempted grand larceny in the second degree, criminal mischief in the second degree, possession of burglar's tools and criminal trespass in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the conviction of attempted grand larceny in the second degree to one of attempted petit larceny, and by reducing the conviction of criminal mischief in the second degree to criminal mischief in the fourth degree, and vacating the sentences imposed thereon. As so modified, the judgment is affirmed.

In order to convict the defendant of the crime of attempted grand larceny in the second degree it was incumbent upon the People to prove beyond a reasonable doubt that the value of the property which the defendant attempted to steal exceeded $1,500 (Penal Law § 155.35). Similarly, in order to convict the defendant of criminal mischief in the second degree, the People were required to prove beyond a reasonable doubt that the defendant damaged property of another in an amount exceeding $1,500 (Penal Law § 145.10). The term "value" is defined in Penal Law § 155.20 (1) as: "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime."

In the instant case, the People have failed to meet their burden of proof on the issue of value. The only evidence of the actual value of the subject cables was the testimony of People's witnesses Loesel and Ellsworth, who testified that the value of the cables as set forth by the "engineering group" was $7,000. This testimony was hearsay and was erroneously admitted into evidence. As no other evidence of the monetary value of the cables was adduced, the People failed to meet their burden of proving every element of the crimes of attempted grand larceny in the second degree and criminal mischief in the second degree beyond a reasonable doubt. However, the evidence presented did establish the crimes of attempted petit larceny and criminal mischief in the fourth

degree, and we have modified the judgment accordingly *(see, People v James,* 111 AD2d 254, *affd* 67 NY2d 662; *People v Womble,* 111 AD2d 283).

There is no need to remit for resentencing since the defendant has already served the maximum time to which he could have been sentenced on the attempted petit larceny and criminal mischief in the fourth degree convictions *(see, People v Womble, supra; People v Cahill,* 83 AD2d 589). Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.