◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLIE JEFFRIES, Appellant.—Judgment unanimously modified on the law and as modified affirmed and defendant remanded to *Supreme Court, Monroe County, for resentencing, in accordance with the following memorandum: The court properly refused to give a missing witness charge because Mr. Pepsin's testimony would have been cumulative of the testimony of the arresting officer and Mr. Much's testimony would not have been favorable to the People *(see, People v Gonzalez,* 68 NY2d 424). The court was not required to charge the "moral certainty" standard because the People's case did not depend entirely upon circumstantial evidence *(see, People v Barnes,* 50 NY2d 375, 380; *People v Lambert,* 125 AD2d 495, *lv denied* 69 NY2d 829). While it would have been better practice to record the voir dire, defendant has failed to demonstrate any prejudice and thus reversal is not required *(see, People v Johnson,* 140 AD2d 954, *lv denied* 72 NY2d 920). We agree with defendant, however, that the hearsay evidence of the amount of damage to the vehicle was insufficient to support his conviction for criminal mischief in the third degree *(see, People v Womble,* 111 AD2d 283, 284). Since the record does establish defendant intentionally damaged the vehicle we modify defendant's conviction on this count to one for criminal mischief in the fourth degree and remit the matter for resentencing *(see, People v Johnson,* 58 AD2d 662, 663). We have considered defendant's remaining claims and find that each one lacks merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—criminal possession of stolen property, first degree; criminal mischief, third degree.) Present—Dillon, P. J., Doerr, Green, Pine, and Davis, JJ.