■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY J. OLIVER, Appellant. [594 NYS2d 839] —Harvey, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered November 9, 1990 in Broome County, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

On April 13, 1990, Susan Preston, a clerk at a Mobil gas station and convenience store in the City of Binghamton, Broome County, was working the midnight shift alone. At approximately 3:45 A.M., while Preston was counting the cash from the register at the counter, two black men, defendant and Gerald Harris, entered the store and eventually purchased a soft drink. There were no other customers in the store. Approximately 30 seconds after the men left they came back into the store and said they wanted to return the unopened soda. After Preston opened the cash register to refund the money, defendant quickly came around the counter, grabbed Preston's right shoulder and shoved something hard that Preston thought was a gun into Preston's side, telling her not to move. Harris then retrieved approximately $300 from the cash register and counter of the store. Defendant forced Preston to the floor, told her not to move and then fled the store with Harris. Preston immediately called the police. Defendant was apprehended not far from the scene and arrested. Harris was found later and was also arrested. Defendant was ultimately indicted on one count of robbery in the first degree and one count of robbery in the second degree. Defendant's pretrial motion to suppress the physical evidence seized from his person at the time he was taken into custody was denied. The case went to trial but prior to its conclusion defendant pleaded guilty to robbery in the first degree in full satisfaction of the indictment. He was sentenced to 5 to 15 years' imprisonment. This appeal followed.

We affirm. Initially, we disagree with defendant's contention that the physical description supplied to the police was insufficient to justify his subsequent warrantless arrest; defendant

argues that the arrest was therefore illegal and that all evidence seized from him should have been suppressed. Unquestionably, where an arrest is made without a warrant, the suppression court must be supplied with the description upon which the police acted and sufficient evidence to make its own independent determination of whether the person arrested reasonably fit that description *(see, People v Dodt,* 61 NY2d 408, 415). In other words "[a]rticulable facts concerning the defendant's clothes and characteristics and a sufficiently particular description of the person to be arrested [are] necessary to evaluate the People's claim that the arrest met probable cause standards" *(People v Brodie,* 87 AD2d 653). Notably, when a description is meager and lacking in specificity there must be more information available to establish probable cause for the arrest *(see, People v White,* 117 AD2d 127, 131, *lv denied* 68 NY2d 818).

Here, Preston explained at the suppression hearing that because she heard no car outside before or after the robbery it was assumed that the perpetrators had fled the scene on foot. When Police Officer James Grier arrived at the Mobil station he was told initially to generally search the nearby streets for anyone suspicious because they did not yet have a description of the robbers. There was virtually no pedestrian or vehicular traffic in the area at that time. Grier and his partner patrolled the area for approximately 10 to 15 minutes and, during that time, received a radio description of the suspects. They were told to look for two black men, one taller than the other. Notably, the shorter suspect was basically described as being between 5 feet 10 inches and 6 feet tall and wearing a dark jacket, dark pants and possibly wearing a baseball cap. After Grier and his partner returned to the Mobil station, a cab driver pulled up to the officers and asked them if they were looking for two black males. When the officers answered affirmatively, the cab driver told them that he had seen two black men in a nearby alleyway approximately a quarter of a mile away. The officers went over to this area and found some evidence indicating that people had recently passed through the area and jumped a fence. Combing the area with a flashlight, Grier discovered one individual, later identified as defendant, hiding underneath a truck parked in a nearby parking lot. Defendant, who is 6 feet tall, was wearing a dark baseball cap and a dark top and appeared to generally match the description of the shorter suspect of the robbery. Based on this and other evidence, including the fact that defendant was discovered in the vicinity of the crime scene after 4:00 in the

morning a short time after the crime hiding under a truck in an otherwise deserted area, we have little difficulty in concluding that it appeared more likely than not that defendant was one of the perpetrators of the robbery and that probable cause existed for his arrest *(see, People v Hendrie,* 117 AD2d 752).

Defendant's remaining arguments have also been considered and rejected. Defendant argues that his conviction should be reduced to robbery in the second degree because he did not admit at his plea allocution that he used a gun in the robbery or at least pretended to threaten Preston with a weapon as required by Penal Law § 160.15 (4). Because defendant failed to withdraw his plea of guilty or move to vacate the judgment of conviction, the issue of the sufficiency of the plea has not been preserved for appellate review *(see, People v Lopez,* 71 NY2d 662, 668; *People v Pellegrino,* 60 NY2d 636, 637). In any event, we would not reverse even if the issue were before us because all of the circumstances surrounding the plea must be considered in determining the sufficiency of a plea and the absence of an admission to an element of the crime standing alone is not dispositive *(see, People v Moore,* 71 NY2d 1002, 1005). In this case, defendant admitted his participation in the subject crime and was quite willing to plead guilty to robbery in the first degree. There is little doubt from the record that defendant's plea was knowing and voluntary and County Court specifically credited the testimony from Preston at trial and at the suppression hearing to the effect that defendant shoved something that she believed was a gun into her side during the robbery *(see,* Penal Law § 160.15 [4]). As for defendant's contention that the court should reduce his sentence in the interest of justice, we are similarly unpersuaded. Although defendant did not receive the most lenient sentence allowable for robbery in the first degree he also did not receive the harshest. This circumstance, combined with the recommendation in the presentence report and the fact that the second count of the indictment and a pending, unrelated indictment were dropped as a condition of the plea, convinces us that defendant's sentence was fair and should not be disturbed *(see, e.g., People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.