■ In the Matter of WILLIAM V., a Person Alleged to be a Juvenile Delinquent, Appellant. [618 NYS2d 551] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated December 2, 1992, which upon a fact-finding order of the same court, dated November 13, 1992, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, burglary in the third degree, criminal trespass in the second degree, possession of burglar's tools, and attempted grand larceny in the fourth degree, after a hearing, adjudged him to be a juvenile delinquent, and placed him, on consent, with the New York State Division for Youth, Title II, for a period of 12 months. This appeal brings up for review the fact-finding order dated November 13, 1992.

Ordered that the order of disposition is modified, on the law, by adding thereto a provision vacating the provision of the fact-finding order that the appellant had committed an act, which, if committed by an adult, would have constituted the crime of attempted grand larceny in the fourth degree and replacing it with a provision that the appellant had committed an act, which if committed by an adult, would have constituted the crime of attempted petit larceny; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presenting agency (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the fact-finding order with regard to the charges of burglary, criminal trespass, and possession of burglar's tools. However, with regard to the charge of attempted grand larceny in the fourth degree, the presenting agency concedes that it failed to establish that the value of the subject property exceeded $1,000 (see, Penal Law § 155.30 [1]). Since the evidence presented did establish the crime of attempted petit larceny (see, Penal Law § 155.25), we have modified the dispositional order accordingly (see, People v Butler, 123 AD2d 877; People v Minor, 150 AD2d 182). We note that there is no need to remit this matter for a dispositional hearing because more than 12 months has elapsed since the appellant was placed in a Title II facility. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.