(October 31, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN SKINNER, Respondent. [633 NYS2d 29] —Order, Supreme Court, New York County (Murray Mogel, J.), entered on or

about March 22, 1994, which granted defendant's motion to suppress identification testimony, unanimously affirmed.

While the police are permitted to rely on the direction of their fellow officers to make an arrest, they cannot be considered to have relied on information possessed by each other without the guidance of any communication of either the information itself or a direction to arrest having been imparted and received (*People v Mitchell*, 185 AD2d 163, 164, *appeal dismissed* 81 NY2d 819). Here, the testimony at the suppression hearing did not establish the identity of the officer who initially detained defendant, nor whether that officer actually received any information from another officer who may have possessed probable cause. As the People failed to meet their burden of establishing the legality of the arrest, the identifications were properly suppressed.

The People's argument that, since custody of defendant was transferred to an officer who undeniably had probable cause prior to the challenged identifications, the causal link between the illegal detention and the identifications was broken, is being raised for the first time on appeal, and therefore is not preserved for our review (*see, People v Dodt*, 61 NY2d 408, 416). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.