■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL DURAN, Appellant. [656 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered August 8, 1995, convicting him of attempted grand larceny in the third degree, criminal mischief in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) reducing the conviction of attempted grand larceny in the third degree to attempted grand larceny in the fourth degree, and (2) reducing the conviction of criminal mischief in the third degree to criminal mischief in the fourth degree; as so modified, the judgment is affirmed.

The defendant was arrested based on a police officer's observation of him using a screwdriver to break into a motor vehicle. The indictment originally charged him with, *inter alia*, attempted grand larceny in the second degree based on an allegation that he attempted to steal property (i.e., an automobile) with a value of more than $1,500. This charge was incorrect, inasmuch as the attempted grand larceny in the second degree, pursuant to Penal Law § 155.40 (1), requires an allegation that the property exceeded $50,000 in value. Shortly before trial commenced, the prosecutor moved, without any objection by defense counsel, to amend the indictment to charge attempted grand larceny in the third degree on the basis that the defendant attempted to steal property valued in excess of $3,000. The proposed amendment was legally correct (*see*, Penal Law § 155.35), and conformed to the evidence and the instructions presented to the Grand Jury. However, although the court indicated that it would grant the motion,

only the accusatory portion of the count was amended from attempted grand larceny in the second degree (Penal Law § 155.40) to attempted grand larceny in the third degree (Penal Law § 155.35); the factual portion alleging that the value of the subject property exceeded $ 1,500 remained unchanged, and therefore, the count was still incorrect.

While the court's decision to amend the indictment to conform to the proof before the Grand Jury was not improper (*see,* CPL 200.70 [1]; *People v Ennis,* 144 AD2d 579; *People v Shannon,* 127 AD2d 863), the partial amendment which actually occurred in this case created an inconsistency between the accusatory portion and the factual portion of the attempted grand larceny count. It is well settled that where such a conflict exists, the factual portion of the count is controlling (*see, People v Randall,* 9 NY2d 413, 422; *People v Stevens,* 216 AD2d 676, 678; *People v Shannon, supra; People v Hutchins,* 43 AD2d 412, 414). Since the factual portion of the amended count only made out the offense of attempted grand larceny in the fourth degree (Penal Law § 155.30), the defendant could not be convicted of the greater crime of attempted grand larceny in the third degree because the amended count did not allege the correspondingly higher monetary requirement for that offense. Furthermore, the trial evidence failed to persuasively establish that the monetary value of the subject automobile exceeded $3,000 in accordance with the court's instructions to the jury; hence, for this additional reason, the conviction of attempted grand larceny in the third degree cannot stand. However, since the evidence clearly does support a finding that the value of the automobile exceeded $1,000, we reduce the conviction of attempted grand larceny in the third degree to attempted grand larceny in the fourth degree (*see,* Penal Law § 155.30 [1]; *People v Butler,* 123 AD2d 877; *People v Jackson,* 111 AD2d 253).

Moreover, since the evidence failed to establish that the amount of damage which the defendant intentionally caused to the vehicle exceeded $250 so as to sustain his conviction of criminal mischief in the third degree (Penal Law § 145.05), we reduce that conviction to criminal mischief in the fourth degree, which requires no proof of value (*see,* Penal Law § 145.00 [1]; *People v Jackson,* 194 AD2d 691; *People v Butler, supra*).

There is no need to remit the matter for resentencing since the defendant has already served the maximum time to which he could have been sentenced on his conviction of the reduced offenses (*see, People v Hernandez,* 203 AD2d 479; *People v Bernard,* 123 AD2d 324; *People v Womble,* 111 AD2d 283).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.