■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KING, Appellant. [711 NYS2d 540] —Crew III, J. P. Appeal from a judgment of the County Court of Schenectady County (McGill, J.), rendered May 28, 1999, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree, petit larceny and criminal possession of stolen property in the fifth degree.

Defendant was indicted and charged with burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree. After unsuccessfully moving to suppress physical evidence, an inculpatory statement made to police and his showup identification, defendant was convicted, following a jury trial, of the lesser included offense of criminal trespass in the second degree, as well as petit larceny and criminal possession of stolen property in the fifth degree. On this appeal, defendant contends that the People failed to establish reasonable suspicion to justify his detention for a showup identification. We agree.

On July 18, 1999, Diane Hannahs observed a man, later identified as defendant, inside a neighbor's residence located in the Town of Niskayuna, Schenectady County. As a consequence, she called the police and gave a reasonably detailed description of the individual and the route he was taking when he departed the neighbor's home. Hannahs' description thereafter was radioed to police patrol officers, as the result of which defendant was stopped and detained approximately 1½ blocks away from the crime scene. A police officer then drove to Hannahs' residence and brought her to where defendant was being detained, at which point she positively identified him as the intruder in her neighbor's home.

At the *Mapp-Huntley-Wade* hearings held in this matter, the People offered evidence as to the description given by Hannahs, which was relayed over the police radio. However, the officers who detained defendant at the scene for the purpose of a showup stated only that defendant fit the description radioed to them. In other words, none of the officers were asked to describe defendant as they perceived him at the time he was detained. We agree with defendant that the failure to adduce such testimony was fatal and that his detention was therefore unlawful.

It is unquestionable that where a defendant is seized without a warrant, a suppression court must be supplied not only with the description upon which the police acted, but also with facts concerning the defendant's clothes, characteristics and description at the time of such detention so that the suppression court

can make an independent determination of whether the person detained would reasonably fit the radioed description (*see, People v Oliver*, 191 AD2d 815, 816; *People v Brodie*, 87 AD2d 653; *see also, People v Dodt*, 61 NY2d 408, 415; *People v Bouton*, 50 NY2d 130, 135-136). Here, as noted, the only evidence concerning defendant's appearance at the scene where he was detained was the assertion of the police officers that defendant fit the description heard over the radio. Such testimony was insufficient to permit the suppression court to make a determination that defendant's appearance at the time of his detention matched that provided by the radio alert (*see, People v Dodt, supra*, at 416). Having concluded that the stop and detention was unlawful, the subsequent identification, seizure of physical evidence and inculpatory statement must be suppressed, inasmuch as each flowed from the initial illegality (*see, Dunaway v New York*, 442 US 200).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.