THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE MOSES, Appellant. [823 NYS2d 409]—

Motion by the respondent for leave to reargue an appeal from a judgment of the Supreme Court, Kings County, rendered May 3, 2004, as amended May 14, 2004, which was determined by decision and order of this Court dated April 11, 2006.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion for leave to reargue is granted, and upon reargument, the decision and order of this Court dated April 11, 2006 (see People v Moses, 28 AD3d 584 [2006]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered May 3, 2004, as amended May 14, 2004, convicting him of burglary in the second degree, burglary in the third degree, bail jumping in the second degree, petit larceny, criminal trespass in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gary, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment, as amended, is modified, on the law, by vacating the convictions of burglary in the second degree, burglary in the third degree, petit larceny, criminal trespass in the second degree, and criminal possession of stolen property in the fifth degree and vacating the sentences imposed thereon, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is ordered on the charges of burglary in the second degree, burglary in the third degree, petit larceny, criminal trespass in the second degree, and criminal possession of stolen property in the fifth degree, to be preceded by a hearing to determine whether an independent source exists for the complainant's in-court identification of the defendant; as so modified, the judgment is affirmed.

At a combined Dunaway/Wade hearing (see Dunaway v New York, 442 US 200 [1979]; United States v Wade, 388 US 218 [1967]), the prosecution presented only the testimony of the arresting officer, who stated that he received a radio communication regarding a robbery in progress and responded to the complainant's location. After speaking with the complainant, the officer received a second radio communication indicating that there was a person stopped in the vicinity of a nearby intersection. The officer then drove the complainant to that lo-

cation, where the officer and the complainant observed the defendant leaning against an unmarked police car between two plainclothes police officers wearing "NYPD" jackets. The complainant identified the defendant as the man who broke into her home, and he was placed under arrest. The prosecution did not call either of the plainclothes officers to testify at the hearing regarding the circumstances by which the defendant came to be in their company near the intersection. The hearing court thereafter denied that branch of the defendant's omnibus motion which was to suppress the identification on the grounds that it was the product of his unlawful detention and arose from unduly suggestive circumstances. At the subsequent trial, the complainant identified the defendant in court and testified with regard to her pretrial identification of him. The defendant was convicted of burglary in the second degree and other offenses. We modify.

At a suppression hearing, the prosecution has the initial burden of going forward with evidence to demonstrate the legality of the police conduct in the first instance (*see People v Berrios,* 28 NY2d 361, 367 [1971]; *People v Thomas,* 291 AD2d 462, 463 [2002]). The prosecution in this case failed to present any evidence to establish that the defendant was lawfully stopped and detained before the complainant made her identification. In this regard, the original radio communication regarding a robbery in progress, assuming that it was heard by the plainclothes police officers, was insufficient by itself to provide the officers with a legal basis for stopping the defendant (*see People v King,* 274 AD2d 669 [2000]; *People v Skinner,* 220 AD2d 350 [1995]). Similarly, the vague and equivocal hearsay testimony of the arresting officer concerning a statement made by one of the plainclothes officers was inadequate to demonstrate that the defendant's presence at the scene was lawfully obtained. Accordingly, the prosecution failed to satisfy its burden of establishing the legality of the police conduct which led to the identification of the defendant, and the pretrial identification should have been suppressed (*see People v Dodt,* 61 NY2d 408 [1984]; *People v Ridley,* 307 AD2d 269 [2003]; *People v King, supra; People v Skinner, supra*).

As a consequence of the foregoing, the defendant's convictions of burglary in the second degree, burglary in the third degree, petit larceny, criminal trespass in the second degree, and criminal possession of stolen property in the fifth degree and the sentences imposed thereon must be vacated. The defendant is entitled to a new trial on those counts, to be preceded by a hearing to determine whether an independent source exists to

support the complainant's in-court identification of the defendant (*see People v Burts,* 78 NY2d 20 [1991]; *People v Dodt, supra; People v Jackson,* 286 AD2d 688 [2001]; *People v Kennedy,* 282 AD2d 759 [2001]; *People v Riddick,* 269 AD2d 471 [2000]). However, the defendant's conviction of bail jumping in the second degree is affirmed, since the facts and evidence upon which that conviction is based are unaffected by the unlawful detention of the defendant on the date of the alleged burglary. Moreover, the sentence imposed with respect to that conviction was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

In light of our determination, we need not consider the defendant's remaining contention. Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.