■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HOWELL, Appellant. [843 NYS2d 169]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 31, 2004, convicting him of manslaughter in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, along with his brother David Howell, shot Tyrone Dortch. When police officers arrived at the crime scene, they asked Dortch's girlfriend, Cheryl Leach, "what happened?" In response, she stated that two assailants shot Dortch, and

provided the officers with a description of the assailants and the location of the house from which they emerged before shooting Dortch. The officers drove Leach to the house, found the defendant and David Howell, who fit Leach's description, and brought them outside, where Leach identified them as the assailants who shot Dortch. At the joint trial of the defendant and David Howell, Leach was unavailable to testify, and her statements to the police were admitted into evidence by the Supreme Court as excited utterances.

The defendant contends that the admission into evidence of Leach's hearsay statements violated his right to confront witnesses against him, secured to him by the Confrontation Clause of the Sixth Amendment of the United States Constitution. However, since the defendant failed to object to the admission of Leach's statements on the ground that it violated his Sixth Amendment right of confrontation, he did not preserve the issue for appellate review (*see People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Drummond,* 34 AD3d 492, 493 [2006], *lv denied* 8 NY3d 921 [2007]; *People v Marino,* 21 AD3d 430, 431 [2005]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction (*see People v Pierre,* 30 AD3d 622 [2006]). Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.