■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN QUIGLEY, Appellant. (Appeal No. 1.) [894 NYS2d 628]—

Appeal from a judgment of the Erie County Court (Thomas P. Amodeo, J.), rendered January 8, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal mischief in the third degree and possession of burglar's tools.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is modified on the law by reducing the conviction of criminal mischief in the third degree (Penal Law § 145.05 [2])

to criminal mischief in the fourth degree (§ 145.00 [1]) and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for sentencing on the conviction of criminal mischief in the fourth degree.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a nonjury trial of criminal mischief in the third degree (Penal Law § 145.05 [2]) and possession of burglar's tools (§ 140.35) and, in appeal No. 2, he appeals from a resentence pursuant to which he was resentenced as a second felony offender.

With respect to the judgment in appeal No. 1, we agree with defendant that the conviction of criminal mischief in the third degree is not supported by legally sufficient evidence inasmuch as the People did not establish the value of the damage to the church property (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). A conviction of that crime requires proof beyond a reasonable doubt that the damage to the property exceeds $250 (Penal Law § 145.05 [2]; *see People v Pluff*, 217 AD2d 744 [1995]). The People presented evidence establishing that the police found defendant on a ladder against the church in question at night, and that they also found a copper gutter that was bent and folded next to the ladder. The People, however, offered only hearsay testimony to establish the cost of the damage to the property, which is legally insufficient to support the conviction of criminal mischief (*see People v Jeffries*, 151 AD2d 964 [1989], *lv denied* 74 NY2d 848 [1989]). Nevertheless, the evidence is legally sufficient to establish that defendant intentionally damaged property (*see People v Civitello*, 287 AD2d 784, 786-787 [2001], *lv denied* 97 NY2d 703 [2002]; *People v Duran*, 238 AD2d 351, 352 [1997]; *People v Brantley*, 186 AD2d 1036, 1037 [1992], *lv denied* 81 NY2d 785 [1993]). We therefore modify the judgment in appeal No. 1 by reducing the conviction of criminal mischief in the third degree to criminal mischief in the fourth degree (§ 145.00 [1]), "which requires no proof of value" (*Duran*, 238 AD2d at 352; *see* CPL 470.15 [2] [a]), and we modify the resentence in appeal No. 2 by vacating the sentence imposed on count one of the indictment (*see* CPL 470.15 [2] [a]). We remit the matter to County Court for sentencing on the conviction of criminal mischief in the fourth degree (*see* CPL 470.20 [4]). We have examined defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.