■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DIGGS, Appellant. [900 NYS2d 918]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered September 3, 2008, convicting him of rape in the first degree, unlawful imprisonment in the first degree, menacing in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by (1) vacating the imposition of a DNA databank fee, a sex offender registration fee, and a supplemental sex offender victim fee, and (2) reducing the mandatory surcharge and crime victim assistance fee from the total sum of $270 to the total sum of $210; as so modified, the judgment is affirmed.

The defendant's contentions regarding DNA evidence adduced at trial are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Howell*, 44 AD3d 686, 687 [2007]). In any event, the defendant's contentions are without merit (*see People v Brown*, 13 NY3d 332 [2009]; *People v Rawlins*, 10 NY3d 136, 159 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]; *see generally Crawford v Washington*, 541 US 36, 59 [2004]).

As the People correctly concede, since the crimes of which the defendant was convicted were committed before the effective date of the legislation providing for the imposition of a DNA databank fee, a sex offender registration fee, and a supplemental sex offender victim fee (*see* Penal Law § 60.35 [1] [a] [v]), those fees should not have been imposed (*see People v Hill*, 25 AD3d 724 [2006]). The People also correctly concede that the Supreme Court erred in imposing a mandatory surcharge and crime victim assistance fee in the sum of $270, since the Penal Law required a mandatory surcharge and crime victim assistance fee in the total sum of only $210 at the time the criminal acts underlying the instant convictions were committed (*see* Penal

Law § 60.35; *People v Cruz*, 25 AD3d 565 [2006]). We therefore modify the judgment accordingly.

The defendant's remaining contention is without merit. Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.