■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LEWIS, Appellant. [911 NYS2d 2]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered December 11, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously reversed, on the law, and the matter remanded for a new trial.

The record establishes that the court received a note from the jury requesting substantive legal instructions on the elements

of the charged crimes. Without reading the note into the record, either verbatim or otherwise, the court responded with substantive instructions. There is no indication in the record that the attorneys ever saw the note, knew of its contents, knew of the court's proposed instructions, or had an opportunity for input into the court's response.

In the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30 to give meaningful notice to counsel following a substantive juror inquiry, a mode of proceedings error occurred requiring reversal (*People v Tabb*, 13 NY3d 852 [2009]; *People v Kisoon*, 8 NY3d 129, 135 [2007]; *People v O'Rama*, 78 NY2d 270, 277 [1991]; *cf. People v Ramirez*, 15 NY3d 824 [2010]). While "some departures from the procedures outlined in *O'Rama* may be subject to rules of preservation" (*Kisoon*, 8 NY3d at 135; *see also People v Donoso*, — AD3d —, 2010 NY Slip Op 07245 [2010]), a failure to fulfill the court's core responsibility on the record is not, and thus defense counsel's failure to object is of no consequence (*cf. e.g. People v Kadarko*, 14 NY3d 426 [2010]; *People v Starling*, 85 NY2d 509 [1995]).

It is possible that the court showed the note to counsel and that colloquy thereon occurred off the record. The record, however, lacks any indication that such events took place. Accordingly, we have no alternative but to reverse (*cf. People v Fishon*, 47 AD3d 591 [2008], *lv denied* 10 NY3d 958 [2008] [record demonstrated existence of unrecorded colloquy concerning note]).

Contrary to the People's argument, neither the note nor the court's response was limited to a charge of which defendant was acquitted.

In view of this determination, we find it unnecessary to reach any other issues. Concur—Friedman, J.P., Nardelli, DeGrasse, Freedman and Manzanet-Daniels, JJ.