■ The People of the State of New York, Respondent, v George Piccione, Appellant. [910 NYS2d 784]—

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered December 15, 2008. The judgment convicted defendant, upon a jury verdict, of arson in the second degree, burglary in the second degree, arson in the third degree, conspiracy in the fourth degree, reckless endangerment in the second degree and reckless driving.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts two, four through six, eight and nine of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of, inter alia, arson in the second degree (Penal Law § 150.15), burglary in the second degree (§ 140.25 [2]), arson in the third degree (§ 150.10) and conspiracy in the fourth degree (§ 105.10 [1]). We agree with defendant that there is an "absence of record proof that [Supreme Court] complied with its core responsibilities under CPL 310.30 [in responding to a note from the jury during its deliberations, and that such failure on the part of the court constitutes] a mode of proceedings error . . . requiring reversal" (*People v Tabb*, 13 NY3d 852, 853 [2009]). Although the record reflects that the three notes received from the jury were properly marked as court exhibits (*see People v O'Rama*, 78 NY2d 270, 277-278 [1991]), only the second and third notes were discussed on the record. It is well settled that a "substantive written jury communication . . . should be . . . read into the record in the presence of counsel" before the jury is summoned to the courtroom in response thereto (*id.*), and here there is no indication in the record that either the prosecutor or defense counsel were even informed of the first note or what action, if any, the court took in response to that note (*see Tabb*, 13 NY3d at 853). In that note, the jury requested, as relevant, "a copy of law as it pertains to this case that you read to us." Contrary to defendant's further contention, the evidence is legally sufficient to support his felony convictions of arson in the second and third degrees, burglary in the second degree, and conspiracy in the fourth degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). As the People correctly concede, however, arson in the third degree is an inclusory concurrent count of arson in the second degree, and thus upon the retrial the jury must be so charged (*see* CPL 300.40 [3] [b]; *see generally People v Ford*, 62 NY2d 275, 281 [1984]; *People v Moore*, 41 AD3d 1149, 1152 [2007], *lv denied* 9 NY3d 879, 992 [2007]). In light of our decision to grant a new trial, we do not address the issue whether the sentence is unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.