THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAIN SURPRIS, Appellant. [920 NYS2d 374]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered March 20, 2007, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, pursuant to a stipulation in lieu of motions, of the suppression of physical evidence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the County Court, Nassau County, for a new trial.

Contrary to the defendant's contentions, the record supports the County Court's determination that the stop of the vehicle in which he was a passenger was based on reasonable suspicion (*see People v Jogie*, 51 AD3d 1038, 1039 [2008]; *People v Devorce*, 293 AD2d 550 [2002]; *People v Flanagan*, 224 AD2d 633, 633 [1996]). Accordingly, the County Court properly denied suppression of physical evidence.

The County Court also properly denied that branch of the defendant's motion which was to dismiss the first count of the indictment (*see* CPL 200.50 [7]; *People v Iannone*, 45 NY2d 589, 594-595 [1978]; *People v Jogie*, 51 AD3d at 1039; *People v Dudley*, 289 AD2d 503, 503-504 [2001]).

The defendant's contentions regarding DNA evidence adduced at trial are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Diggs*, 73 AD3d 1210, 1210 [2010]; *People v Howell*, 44 AD3d 686, 687 [2007]). In any event, the defendant's contentions are without merit (*see People v Brown*, 13 NY3d 332, 340 [2009]; *People v Rawlins*, 10 NY3d 136, 159 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]; *People v Thompson*, 70 AD3d 866, 866 [2010]; *People v Dail*, 69 AD3d 873, 875 [2010]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, a new trial is required based on the County Court's failure to comply with CPL 310.30. When a trial court receives a "substantive written jury communication" during deliberations, the court must put forth the inquiry on the record and allow counsel a full opportunity to suggest an appropriate response (*People v O'Rama*, 78 NY2d 270, 277 [1991]). The opportunity to respond "is essential to counsel's ability to represent the client's best interests and, further, to ensure the protection of the client's constitutional and statutory rights at these critical postsubmission proceedings" (*id.*). A trial court's failure to fulfill its core responsibilities under CPL 310.30 to give meaningful notice to counsel is a mode of proceedings error that is exempt from preservation requirements and requires reversal (*see People v Tabb*, 13 NY3d 852, 853 [2009]; *People v Kisoon*, 8 NY3d 129, 135 [2007]).

During deliberations, the jury sent six notes containing substantive inquiries. Although all six were marked as court exhibits, only the last five notes were read into the record in the presence of the defense counsel and the prosecutor. There is no indication that the County Court provided notice to defense counsel and to the prosecutor of the contents of the first jury note. In addition, there is no record of what action the trial court took in response to the first jury note requesting, inter alia, an item that was not admitted into evidence. Given the absence of record proof of the County Court's compliance with the requirement, under CPL 310.30, that it provide meaningful notice of a substantive jury inquiry, the defendant's conviction must be reversed and a new trial ordered (*see People v Cruz*, 14 NY3d 814, 815-816 [2010]; *People v Tabb*, 13 NY3d at 853; *People v Piccione*, 78 AD3d 1518, 1519 [2010]; *People v Lewis*, 77 AD3d 579, 580 [2010], *lv denied* 16 NY3d 744 [2011]).

In light of the above determination, the defendant's remaining contentions, including those raised in his pro se supplemental brief, need not be reached. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.