■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON POWELL, Appellant. [955 NYS2d 608]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt of criminal mischief in the third degree beyond a reasonable doubt. The evidence was insufficient to establish, beyond a reasonable doubt, that the damage to the subject property exceeded the sum of $250 (*see* Penal Law § 145.05 [2]; *People v Quigley*, 70 AD3d 1411, 1412 [2010]; *People v Jeffries*, 151 AD2d 964 [1989]). Although this issue is unpreserved for appellate review (*see* CPL 470.05 [2]), we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6]).

Contrary to the People's contention, the defendant's contention that the hearing court improperly relied upon the fellow-officer rule to conclude that his arrest was supported by probable cause is preserved for appellate review, since the hearing court expressly decided that there was probable cause for the defendant's arrest based upon the fellow-officer rule (*see* CPL 470.05 [2]; *People v Feingold*, 7 NY3d 288, 290 [2006]; *People v Prado*, 4 NY3d 725, 726 [2004]; *People v Berry*, 49 AD3d 888, 889 [2008]). Moreover, upon a review of the hearing record, we conclude that the defendant's motion to suppress identification testimony and physical evidence should have been granted.

Under the fellow-officer rule, if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer acts upon the direction of or as a result of communication with a superior or fellow officer or another police department, provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]; *People v Lypka*, 36 NY2d 210, 213 [1975]). Here, the People did not present evidence to establish that the officers who stopped and detained the defendant and his codefendant actually received any information from another officer who may have possessed probable cause. Although the People demonstrated that certain officers who interviewed an eyewitness had sufficient information to constitute probable cause, the People presented no evidence that those officers communicated that information to the arresting officers prior to the stop and detention of the defendant. The People also did not present any testimony from the arresting officers as to what information they possessed or how they received it before they detained the defendant and his codefendant.

Consequently, the hearing court should have suppressed, as the fruits of the unlawful arrest, the physical evidence seized from the defendant, as well as the testimony regarding a showup identification (*see People v Dodt*, 61 NY2d 408, 417 [1984]; *People v Moses*, 32 AD3d 866, 868 [2006]; *People v Thomas*, 32 AD3d 869, 870 [2006]; *People v Skinner*, 220 AD2d 350, 351 [1995]).

Additionally, the Supreme Court failed to comply with CPL 310.30. When a trial court receives a "substantive written jury communication" during deliberations, the court must put forth the inquiry on the record and allow counsel a full opportunity to suggest an appropriate response (*People v O'Rama*, 78 NY2d 270, 277 [1991]). The opportunity to respond "is essential to counsel's ability to represent the client's best interest and, further, to ensure the protection of the client's constitutional and statutory rights at these critical postsubmission proceedings" (*id.* at 277)

During deliberations, the jury sent out a note reporting that it was deadlocked, along with a tally sheet. Although the note was marked as court exhibit 10, neither the note nor the tally sheet was read into the record. There is no indication in the record that the Supreme Court provided defense counsel with a summary of the note's contents or of the accompanying tally sheet, or that counsel was afforded an opportunity to suggest an appropriate response (*see People v Lewis*, 77 AD3d 579, 580 [2010]). Although, during the pendency of this appeal, the

People moved in the Supreme Court to resettle the record, so as to demonstrate that the Supreme Court did, in fact, reveal the contents of the jury note to counsel in an off-the-record conversation, resettlement is not an appropriate remedy under the circumstances presented here. It is well established that courts possess " 'inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth' " (*People v Minaya*, 54 NY2d 360, 364 [1981], *cert denied* 455 US 1024 [1982], quoting *Bohlen v Metropolitan El. Ry. Co.*, 121 NY 546, 550-551 [1890]). Here, however, the People's resettlement motion did not seek to correct a mistake or error that was clerical in nature, or to conform the record to the truth, but rather to create a new portion of the record, which could have been, but was not, created at trial. This is not a proper basis for a resettlement motion (*see Van Valkenburgh v Bourne*, 26 AD2d 727 [1966]).

In any event, even if resettlement were an appropriate remedy, a showing that the contents of the jury note were revealed to counsel off the record would be of no avail to the People, since Court of Appeals case law interpreting CPL 310.30 contemplates that the procedure for complying with that statute will occur on the record. Specifically, the Court of Appeals has held that "whenever a substantive written jury communication is received by the Judge," it should be "read into the record in the presence of counsel," and that, "[a]fter the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses" (*People v O'Rama*, 78 NY2d at 277-278). This procedure is designed to "ensure a clear and complete record, thereby facilitating adequate and fair appellate review" (*id.* at 278).

Here, the Supreme Court failed to fulfill its "core responsibility" under CPL 310.30 (*People v Kisoon*, 8 NY3d 129, 135 [2007]). This constituted a mode of proceedings error that is exempt from preservation requirements and requires reversal (*see People v Tabb*, 13 NY3d 852, 853 [2009]; *People v Lockley*, 84 AD3d 836 [2011]; *People v Surpris*, 83 AD3d 742, 744 [2011]; *People v Lewis*, 77 AD3d at 580).

In light of the foregoing, the defendant's convictions of burglary in the third degree, criminal possession of stolen property in the fifth degree (two counts), and trespass must be reversed (*see People v Sanchez*, 276 AD2d 723 [2000]), and the matter must be remitted to the Supreme Court, Queens County, for further proceedings on those counts of the indictment. Since the defendant was acquitted of the count of the indictment

charging him with criminal mischief in the second degree, double jeopardy precludes a retrial on that count of the indictment (*see People v Gonzalez*, 61 NY2d 633, 635 [1983]). Furthermore, since double jeopardy precludes a second trial with respect to a criminal charge resulting in a judgment of a conviction that is reversed on appeal for legal insufficiency (*see Matter of Suarez v Byrne*, 10 NY3d 523, 538-539 [2008]; *People v Biggs*, 1 NY3d 225, 229 [2003]), the defendant may not be retried on the count of the indictment charging him with criminal mischief in the third degree.

In light of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.