*744 Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant’s guilt of criminal mischief in the third degree beyond a reasonable doubt (see People v Powell, 101 AD3d 756 [2012] [decided herewith]). The evidence was insufficient to establish, beyond a reasonable doubt, that the damage to the subject property exceeded the sum of $250 (see Penal Law § 145.05 [2]; People v Quigley, 70 AD3d 1411,1412 [2010]; People v Jeffries, 151 AD2d 964 [1989]). Although this issue is unpreserved for appellate review (see CPL 470.05 [2]), we reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]; [6]).
Contrary to the People’s contention, the defendant’s contention that the hearing court improperly relied upon the fellow-officer rule to conclude that his arrest was supported by probable cause is preserved for appellate review (see CPL 470.05 [2]; People v Feingold, 7 NY3d 288, 290 [2006]; People v Prado, 4 NY3d 725, 726 [2004]; People v Powell, 101 AD3d 756 [2012] [decided herewith]; People v Berry, 49 AD3d 888, 889 [2008]). Moreover, upon a review of the hearing record, we conclude that the defendant’s omnibus motion to suppress identification testimony and physical evidence should have been granted (see People v Powell, 101 AD3d 756 [2012] [decided herewith]). Accordingly, the defendant’s convictions of burglary in the third degree, criminal possession of stolen property in the fifth degree (two counts), and trespass must be reversed (see People v Sanchez, 276 AD2d 723 [2000]).
*745 Additionally, a new trial is required, in light of the Supreme Court’s failure to comply with CPL 310.30. Contrary to the People’s contention, the Supreme Court failed to fulfill its core responsibilities under CPL 310.30, thereby committing a mode of proceedings error that is exempt from preservation requirements and requires reversal (see People v Tabb, 13 NY3d 852, 853 [2009]; People v Powell, 101 AD3d 756 [2012] [decided herewith]; People v Surpris, 83 AD3d 742, 744 [2011]; People v Piceione, 78 AD3d 1518, 1519 [2010]; People v Lewis, 77 AD3d 579, 580 [2010]).
Accordingly, we remit the matter to the Supreme Court, Queens County, for further proceedings on the counts of the indictment charging the defendant with burglary in the third degree, criminal possession of stolen property in the fifth degree (two counts), and trespass. Since the defendant was acquitted of the count of the indictment charging him with criminal mischief in the second degree, double jeopardy precludes a retrial on that count of the indictment (see People v Gonzalez, 61 NY2d 633, 635 [1983]). Furthermore, since double jeopardy precludes a second trial with respect to a criminal charge resulting in a judgment of conviction that is reversed on appeal for legal insufficiency (see Matter of Suarez v Byrne, 10 NY3d 523, 538-539 [2008]; People v Biggs, 1 NY3d 225, 229 [2003]), the defendant may not be retried on the count of the indictment charging him with criminal mischief in the third degree.
In light of our determination, we need not reach the defendant’s remaining contentions. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.