Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered March 10, 2010, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the counts of the indictment charging the defendant with criminal possession of a weapon in the second degree and reckless endangerment in the first degree.
*1058 The defendant’s contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484 [2008]) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of criminal possession of a weapon in the second degree and reckless endangerment in the first degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Nonetheless, the judgment of conviction must be reversed and a new trial held, based on the Supreme Court’s failure to comply with CPL 310.30 (see generally People v O’Rama, 78 NY2d 270 [1991]). Contrary to the People’s contention, the Supreme Court failed to fulfill its core responsibilities under CPL 310.30, thereby committing a mode of proceedings error that is exempt from preservation requirements and requires reversal (see People v Tabb, 13 NY3d 852, 853 [2009]; People v Powell, 101 AD3d 756, 758-759 [2012]; People v Curry, 101 AD3d 743, 745 [2012]; People v Surpris, 83 AD3d 742, 744 [2011]; People v Lewis, 77 AD3d 579, 580 [2010]). Although, during the pendency of this appeal, the People moved in the Supreme Court to resettle the record, so as to demonstrate that the Supreme Court did, in fact, reveal the contents of certain jury notes to counsel and formulate the proper responses in an off-the-record conversation, resettlement is not an appropriate remedy under the circumstances presented here (see People v Powell, 101 AD3d at 758-759). In any event, even if resettlement were appropriate, a showing that the contents of the jury notes were revealed to and discussed with counsel off the record would be of no avail to the People, since this procedure would not satisfy the requirements for compliance with CPL 310.30 as set forth by the Court of Appeals in People v O’Rama (78 NY2d at 277-278). “Specifically, the Court of Appeals has held that ‘whenever a substantive written jury communication is received by the Judge,’ it should be ‘read into the record in the presence of counsel,’ and that, ‘[a]fter the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses’ ” (People v Powell, 101 AD3d at 759, quoting People v O’Rama, 78 NY2d at 277-278). These requirements were not satisfied here. Accordingly, we remit the matter to the Supreme Court, Queens County, for a new trial on the counts of the indictment charging the defendant with criminal possession of a weapon in the second degree and reckless endangerment in *1059 the first degree. Since the defendant was acquitted of the counts of the indictment charging him with attempted murder in the second degree and assault in the first degree, the constitutional protection against double jeopardy precludes a retrial on those counts (see People v Gonzalez, 61 NY2d 633, 635 [1983]).
The defendant’s remaining contentions are academic in light of our determination.
Angiolillo, J.E, Dickerson, Miller and Hinds-Radix, JJ., concur.
Motion by the appellant to strike stated portions of the respondent’s brief on an appeal from a judgment of the Supreme Court, Queens County, rendered March 10, 2010. By decision and order on motion of this Court dated October 12, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the motion to strike stated portions of the respondent’s brief is granted and those portions have not been considered in the determination of the appeal.
Angiolillo, J.E, Dickerson, Miller and Hinds-Radix, JJ., concur.