■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HOWELL, Appellant. [965 NYS2d 154]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered December 16, 2009, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered on the second and third counts of the indictment.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, a new trial is required in light of the Supreme Court's failure to comply with CPL 310.30 (*see generally People v O'Rama*, 78 NY2d 270 [1991]). Specifically, the court received a substantive jury note but did not set that note forth on the record and allow counsel a full opportunity to suggest an appropriate response. As the People correctly concede, the court

failed to fulfill its core responsibilities under CPL 310.30, thereby committing a mode of proceedings error that is exempt from the preservation requirements and requires reversal (*see People v Tabb*, 13 NY3d 852, 853 [2009]; *People v Powell*, 101 AD3d 756, 758-759 [2012]; *People v Curry*, 101 AD3d 743, 745 [2012]; *People v Surpris*, 83 AD3d 742, 744 [2011]). Accordingly, the judgment must be reversed, and a new trial ordered on the second and third counts of the indictment, charging the defendant with criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Leventhal, Sgroi and Cohen, JJ., concur.