Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered January 4, 2012, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
The defendant was convicted of two counts of criminal possession of a weapon in the second degree. On appeal, he contends that his counsel was denied prior meaningful notice of the content of a particular jury note and an opportunity to suggest appropriate responses in accordance with CPL 310.30 and People v O’Rama (78 NY2d 270 [1991]). We agree.
During deliberations, the jury returned two notes to the Supreme Court. The second note read: “Please re-read what constitutes ‘guilty or not guilty’ under each count. You previously read 4 (?) points under each count and said if we find at least one of the four points correct we should render guilty (?)” The court did not read this note to counsel verbatim on the record, but summarized it as a request for instructions as to the elements of the crimes. Before responding to the jury, the court misquoted the note on the record, stating, “Can you please reread what constitutes guilty or not guilty? You read four points. Under each point if you say you find at least one of the four points correct we should render a guilty or not guilty.” The court then responded to the note by providing a readback of the elements of the offenses. Defense counsel did not object to the court’s procedure in addressing the jury note.
*712 The Supreme Court mischaracterized the contents of the note to counsel as merely requesting a readback of the elements of the charged offenses rather than as indicating the jury’s apparent erroneous impression that proof of a single element of each crime was sufficient to render a guilty verdict (cf. People v Alcide, 21 NY3d 687, 694 [2013]; People v Starling, 85 NY2d 509, 516 [1995]). In thus mischaracterizing the note, the Supreme Court did not afford defense counsel the opportunity to participate in the formulation of the court’s response to the jury’s confusion. “Since defense counsel was not afforded the opportunity to provide suggestions, [s]he was prevented from participating meaningfully at this critical stage of the proceedings” (People v Lockley, 84 AD3d 836, 839 [2011]). “In the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occurred requiring reversal” (People v Tabb, 13 NY3d 852, 853 [2009]), despite defense counsel’s failure to object to the court’s treatment of the jury note (see People v Kisoon, 8 NY3d 129, 135 [2007]; People v O’Rama, 78 NY2d at 279-280). Furthermore, meaningful notice of the contents of a jury note must take place on the record (see People v Powell, 101 AD3d 756, 758-759 [2012]). Accordingly, contrary to the People’s contention, a reconstruction hearing to determine whether counsel was provided with the note off the record would be neither appropriate nor helpful (cf. People v Fenton, 105 AD3d 1057, 1058 [2013]; People v Powell, 101 AD3d at 758-759).
In light of the foregoing, the defendant’s remaining contention is academic. Mastro, J.P, Balkin, Miller and LaSalle, JJ., concur.