People v Hightower (2019 NY Slip Op 07280)





People v Hightower


2019 NY Slip Op 07280


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-03878
 (Ind. No. 703/16)

[*1]The People of the State of New York, respondent,
v
Malakyle M. Hightower, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Hannah X. Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered April 5, 2017, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ronald D. Hollie, J.), of those branches of the defendant's omnibus motion which were to suppress identification evidence and the defendant's statement to law enforcement officials.
ORDERED that the judgment is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress identification evidence and the defendant's statement to law enforcement officials are granted, and a new trial is ordered, to be preceded by an independent source hearing.
The defendant was convicted of charges related to a robbery that occurred in January 2016, in Queens. At a pretrial suppression hearing, police officer Matthew Gorman testified that within a day or two after the robbery, he interviewed the complainant and showed him a photo array containing a photograph of the defendant. The complainant identified the photograph of the defendant as depicting the person who robbed him. Officer Gorman testified that he then "activated an investigation card" (hereinafter I-Card), which according to Officer Gorman, "essentially establish[ed] probable cause to arrest [the defendant]." Officer Gorman further testified that the next day, he was informed that the defendant had been arrested on a different matter and was in the station house where Officer Gorman worked. Officer Gorman subsequently conducted a lineup which included the defendant. The complainant identified the defendant in the lineup and the defendant then provided a statement to law enforcement officials.
The defendant moved to suppress the identification evidence and his statement to law enforcement officials, contending that his arrest was not supported by probable cause, that the People could not rely upon the fellow officer rule to establish probable cause, and that the defendant's statement and the identification evidence should be suppressed as fruits of the poisonous tree. The Supreme Court denied the defendant's motion. After a jury trial, the defendant was convicted of two counts of robbery in the first degree and one count of robbery in the second degree.
Under the fellow officer rule, "even if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer acts upon the direction of or as a result of communication with a superior or [fellow] officer or another police department provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest'" (People v Ramirez- Portoreal, 88 NY2d 99, 113, quoting People v Horowitz, 21 NY2d 55, 60; see People v Mobley, 157 AD3d 826, 827; People v Moreno, 148 AD3d 827, 828; People v Oglesby, 121 AD3d 818, 818). The evidence presented by the People did not establish that the officer who actually arrested the defendant had probable cause to do so (see People v Powell, 101 AD3d 756, 758). Officer Gorman testified that he issued an I-Card for the defendant, but he also testified that the defendant was arrested "on a different matter." The People did not present any testimony from the arresting officer as to what information he possessed or how he received that information (cf. id. at 758). Therefore, contrary to the People's contention, there was insufficient evidence from which to infer that the police arrested the defendant pursuant to the I-Card or at the direction of Officer Gorman (cf. People v Gonzalez, 91 NY2d 909, 910). Furthermore, the People presented no evidence at the hearing regarding the circumstances of the defendant's arrest or the charges on which he was arrested, nor do they argue on appeal that there was any source of probable cause for the defendant's arrest other than the I-Card. Consequently, since the People failed to establish that the defendant was lawfully arrested, the hearing court should have suppressed, as fruits of the arrest, the lineup identification and the defendant's statement to law enforcement officials. Since the evidence of guilt was not overwhelming, this error was not harmless (see People v Crimmins, 36 NY2d 230, 241-242). Accordingly, the defendant is entitled to a new trial, to be preceded by an independent source hearing (see People v Gethers, 86 NY2d 159, 163; People v Dodt, 61 NY2d 408, 417).
The defendant contends that certain comments in the prosecutor's summation deprived him of a fair trial. Although, in light of our determination, we need not reach this issue, since there must be a new trial, we take this opportunity to remind the People that "summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command," but rather, "[t]here are certain well-defined limits" (People v Ashwal, 39 NY2d 105, 109; see People v Cantoni, 140 AD3d 782, 786-787; People v Wildrick, 83 AD3d 1455, 1458). Counsel must, among other things, "stay within the four corners of the evidence' and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused" (People v Bartolomeo, 126 AD2d 375, 390, quoting People v Ashwal, 39 NY2d at 109).
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court