*512
 
 OPINION OF THE COURT
 

 Titone, J.
 

 This appeal presents the question whether, without evidence of an accompanying transfer of money or other consideration, a "handoff’ of narcotics between two individuals to avoid police detection constitutes a "sale” within the meaning of Penal Law § 220.00 (1). Relying on the broad language of the definition of "sell” contained in Penal Law § 220.00 (1), we hold that it does, and affirm defendant’s conviction.
 

 Shortly after midnight on June 15, 1990, police officers observed defendant standing on a Nassau County street corner holding a small paper bag. The police saw defendant pass something from the bag to an unknown third party in return for what appeared to be paper currency, and the unknown person departed. As the officers exited their vehicle and began to approach defendant, defendant handed the bag to a juvenile standing adjacent to him. The juvenile walked up the street, followed by one of the officers. After the juvenile discarded the bag by sticking it in a fence, the officer retrieved it and found that it held seven plastic ziplock bags containing cocaine. Defendant was then arrested, and $376 was recovered from defendant’s pants pocket during a search incident to the arrest.
 

 
 *513
 
 Based on the transfer of the drugs to the juvenile, defendant was charged by indictment with criminal sale of a controlled substance in the third degree (Penal Law §220.39 [1]). The indictment also charged defendant with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), or "possession with intent to sell.”
 

 After the People rested, defendant moved for a trial order of dismissal for legal insufficiency on both counts of the indictment. As to count one, counsel argued that the People failed to prove that a "sale” had actually occurred. In support of that argument, counsel stated that the People had only proven that defendant had something in his hand that was taken by another, and that such conduct could not constitute a sale of a controlled substance. The People opposed this branch of the motion on the ground that under the Penal Law, the passing of the bag containing narcotics constituted a sale. Counsel moved to dismiss count two of the indictment, criminal possession of a controlled substance in the third degree, on the ground that the People had not proven that defendant "intended” to sell drugs, but only that he possessed them. The court denied the applications.
 

 During the charge conference, defense counsel requested that a charge be given explaining that the terms to "give or dispose of’ contained in the Penal Law definition of "sell” were not intended to encompass a transfer to a person who jointly or constructively possessed the drugs with the defendant. Counsel also requested that the court charge the jury that a temporary transfer of a controlled substance, without the intent that the recipient use it or benefit from its possession, is not a sale. The court denied defendant’s requests, ruling that they were not supported by any precedent or by the language of the statute.
 

 Relying verbatim on the Penal Law definition of "sell” contained in section 220.00 (1), the court defined that term for the jury as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same.” The court also charged the jury that defendant could be convicted of the second count of the indictment if he "knowingly and unlawfully possessed * * * cocaine with the intent to sell it.” Following the court’s instructions to the jury, defense counsel objected to the court’s definition of "sell” and unsuccessfully renewed her prior charge requests.
 

 During deliberations, the jury sent a note requesting a read-
 
 *514
 
 back of the definition of "sale.” The court read the note aloud before counsel and defendant. Defense counsel again requested the additional instructions that she had requested at the charge conference. The court denied the request on the ground that counsel could provide no authority to support her definition of sale. Some time later, the jury sent its second note requesting a rereading of the second count of the indictment, including the definition of intent. Within another hour the jury sent note three, which requested "two readings of the definition of intent.” On both occasions, the court read the note verbatim in the presence of the jury, counsel and defendant and proceeded to reread the same definition of intent it had previously given. Defendant did not lodge any objection to the manner of proceeding or to the substance of the court’s responses. The jury found defendant guilty on both counts of the indictment.
 

 The Appellate Division affirmed, concluding that the court’s instructions on the relevant definitions were proper, and that defendant’s remaining claims either lacked merit or were unpreserved. A Judge of this Court granted defendant’s application for leave to appeal, and we now affirm.
 

 Defendant was found guilty of criminal sale of a controlled substance in the third degree pursuant to Penal Law § 220.39 (1), which defines that crime as occurring when one "knowingly and unlawfully sells” a narcotic drug. The term "sell” is defined in section 220.00 (1) as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same.”
 

 By enacting a broad definition of the term "sell” to embrace the acts of giving or disposing of drugs, the Legislature has evinced a clear intent to "include any form of transfer of a controlled substance from one person to another” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 220, at 14). The statutory definition of that term conspicuously excludes any requirement that the transfer be commercial in nature or conducted for a particular type of benefit or underlying purpose
 
 (see, People v Lam Lek Chong,
 
 45 NY2d 64, 72). Because the Legislature has chosen to supply its own definition of the term "sell” which "is expanded well beyond the ordinary meaning” of that term
 
 (People v Milom,
 
 75 AD2d 68, 71), the trial court, in charging the jury here, properly declined to supplement that definition with defendant’s proffered dictionary definition of "sell,” which denotes a transaction that is commercial in flavor
 
 (see,
 
 Black’s Law Dictionary 1200 [5th ed]).
 

 
 *515
 
 In recognition of the reality that the exchange of money and drugs may take place at different times and places through a sophisticated network of principals and intermediaries, this Court has concluded that "proof of the transfer of the drugs alone may suffice to prove the sale”
 
 (People v Lam Lek Chong,
 
 45 NY2d 64, 72,
 
 supra).
 
 Indeed, the laws prohibiting narcotics sales encompass the actions of a "middleman,” who acts as a broker between the seller and the buyer
 
 (see, People v Argibay,
 
 45 NY2d 45, 50) and whose role in the transaction may go no farther than that of a deliverer of the narcotics. Fundamentally, a "defendant may be guilty as a seller even if he does not receive any consideration for the transfer of drugs to the buyer”
 
 (People v Herring,
 
 83 NY2d 780, 782).
 

 Applying these principles, we conclude that defendant’s transfer of the narcotics to the juvenile was conduct constituting a sale within the plain language of Penal Law § 220.39 (1).
 
 *
 
 Simply stated, by handing the contraband to the teen, defendant unquestionably "g[a]ye or dispose[d] of’ the drugs to another. The fact that the transfer may have been unaccompanied by compensation or any verbal representations indicating an offer or intent to sell does not remove the act, as defendant urges, from the scope of the prohibited conduct and does not render it less culpable than a transfer involving an immediate economic benefit to the seller
 
 (cf., People v Lam Lek Chong,
 
 45 NY2d 64, 72,
 
 supra).
 

 Contrary to defendant’s assertions, the record is also devoid of evidence from which a court could fairly infer that defendant and the juvenile "jointly possessed” the drugs or that the juvenile temporarily or constructively possessed them so that a "sale” to him would not have been possible. To establish that the juvenile constructively possessed the drugs, the record would have to contain evidence to support the inference that the juvenile exercised some degree of control over the contraband or over defendant’s person
 
 (see, People v Manini,
 
 79 NY2d 561, 573) prior to the "handoff” which formed the basis of the sale conviction.
 

 As we stated in the context of a defendant’s right to a charge on the agency defense, "[b]efore an agency charge is warranted, the evidence must be indicative of a relationship
 
 *516
 
 with the buyer [and] not merely raise ambiguities about the defendant’s connection to the seller”
 
 (People v Herring,
 
 83 NY2d 780, 783,
 
 supra).
 
 So too, here, the fact that defendant and the juvenile continually stood "shoulder-to-shoulder” on a public street during the exchange with the third party and during the transfer forming the basis of the sale conviction, does not, as defendant contends, supply evidence indicative of the type of relationship they shared or of the juvenile’s dominion or control over the drugs or over defendant
 
 (see, People v Rodriguez,
 
 194 AD2d 304,
 
 lv denied sub nom. People v Garcia,
 
 82 NY2d 718). Accordingly, because gaps not bridged by this record leave only speculation as to the juvenile’s purported interest in the narcotics, the trial court properly declined to charge the jury on the concepts of joint, constructive and temporary possession.
 

 Defendant also claims that the procedure followed by the court in responding to the jury’s second and third notes requesting a rereading of the definition of intent was improper because the court failed to comply with the notice requirements of CPL 310.30. Because the court read the entire content of the jury’s notes in open court prior to responding, this case is distinguishable from the situation presented in
 
 People v O'Rama
 
 (78 NY2d 270), where the trial court withheld from counsel the contents of a juror’s note, thereby depriving defendant of the opportunity to participate in formulating the court’s response. In the latter case we concluded that, notwithstanding the absence of a timely objection, because the error "entirely prevented] defense counsel from participating meaningfully in this critical stage of the trial and thus represented a significant departure from ' "the organization of the court or the mode of proceedings prescribed by law,” ’ ” traditional rules requiring timely objection did not prevent this Court’s review
 
 (id.,
 
 at 279). By contrast, here, defense counsel was given notice of the contents of the jury notes and had knowledge of the substance of the court’s intended response — a verbatim rereading of the intent charge previously given on several occasions
 
 (cf., People v Cook,
 
 85 NY2d 928 [decided today]). Accordingly, counsel’s silence at a time when any error by the court could have been obviated by timely objection renders the claim unpreserved and unreviewable here
 
 (see, People v DeRosario,
 
 81 NY2d 801, 802).
 

 We have reviewed defendant’s remaining contentions and conclude they lack merit.
 

 
 *517
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.
 

 *
 

 The People did not base defendant’s prosecution on a violation of Penal Law §220.39 (9) which makes it a class B felony to sell "a narcotic preparation to a person less than twenty-one years old.”