■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADIO PEREZ, Also Known as PEREZ NADIO, Appellant. [643 NYS2d 83] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered April 5, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

Police officers at the suppression hearing testified that they were posted in a drug-prone location when they observed someone approach and speak to the codefendant; that the codefendant then crossed the street and approached defendant; that defendant furtively looked up and down the block as he handed blue half-inch plastic bags containing a rocky substance to the codefendant; that this particular type of plastic bag was characteristic packaging for a brand of crack sold on that corner; that the codefendant then walked back to the first man and the two were heard negotiating a sale as they walked a short distance; and that the codefendant was arrested moments later with blue glassines, containing crack, in his possession. We reject defendant's claim that there were no telltale signs of a drug transaction, the plastic bags containing a rocky substance obviously being such a sign. But even if those bags had not been seen, the drug-prone location, the furtive hand-off, and a pattern of conduct known by experienced narcotics officers as designed to distance a seller from the contraband through use of a stash man would have established probable cause (cf., People v Schlaich, 218 AD2d 398), even though no money was ever seen changing hands (see, People v Starling, 85 NY2d 509, 514-515). Nor was the evidence insufficient or the verdict against the weight of the evidence, it being an inescapable inference that the substance handed by defendant to the codefendant was the same as that recovered from the codefendant. Concur—Sullivan, J. P., Ellerin, Rubin and Tom, JJ.