

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2006

# Smith v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smith v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1366.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1366

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4339
_____

VIRGIL EDWARD SMITH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES[*],

Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A34 308 874)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 3, 2006
BEFORE: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  March 30, 2006)
_____

OPINION
_____

PER CURIAM

Virgil Edward Smith petitions for review of a final order of removal issued by the

Board of Immigration Appeals (BIA).  The government moves to dismiss Smith's petition

_____

[*]Caption amended pursuant to Rule 43(c), Fed. R. App. P.

for review for lack of jurisdiction. For the following reasons, we conclude that we have jurisdiction in this matter and will deny the petition for review.

Smith, a native of Trinidad and Tobago, was admitted to the United States in 1973 as a lawful permanent resident. In 1994, Smith pleaded guilty in New York to criminal possession of a weapon in the third degree, and was sentenced to three to six years in prison. In 1997, Smith pleaded guilty in New York to criminal sale of a controlled substance (crack cocaine) in the fifth degree, and was sentenced to two to four years.

Based on these convictions, the government charged Smith in May 2004 with removability for having been convicted of an aggravated felony, a controlled substance offense, and a firearm offense. The IJ found Smith removable as charged and ineligible to apply for a waiver of removal under former § 212(c) of the Immigration and Nationality Act (INA). On appeal, the BIA concluded that Smith's 1997 conviction for selling crack cocaine constitutes an aggravated felony and that he is ineligible to apply for § 212(c) relief.

In November 2004, Smith challenged the BIA's order by filing a timely petition for review in this Court. In February 2005, after Smith filed his opening brief, the government moved to dismiss the petition for review for lack of jurisdiction on the ground that Smith is removable for having committed certain criminal offenses. When the government filed its motion to dismiss, we lacked jurisdiction to review a final order of removal against an alien who is removable for having been convicted of criminal offenses, including an aggravated felony, a controlled substance offense, and certain

2

firearm offenses.  See 8 U.S.C. § 1252(a)(2)(C); Douglas v. Ashcroft, 374 F.3d 230, 235 (3d Cir. 2004).  Effective May 11, 2005, the REAL ID Act restored our jurisdiction to review "constitutional claims and questions of law raised upon a petition for review" filed by an alien who is removable for having been convicted of criminal offenses.  8 U.S.C. § 1252(a)(2)(D); see Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).  Under the REAL ID Act, we have jurisdiction to review the questions of law raised in Smith's petition for review.  Accordingly, we deny the government's motion to dismiss.

We will also deny Smith's petition for review on the merits.  Without question, Smith's 1997 conviction for criminal sale of crack cocaine constitutes a controlled substance offense under § 1227(a)(2)(B)(i).  Additionally, his 1994 conviction for criminal possession of a weapon readily constitutes a qualifying firearm offense under § 1227(a)(2)(C).  For having been convicted of these offenses, Smith is removable.

The question remains, however, whether the BIA correctly ruled that Smith is not eligible to apply for a waiver of removal under former § 212(c) of the INA.  Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996, the Attorney General had discretion to waive deportation of lawful permanent residents such as Smith.  Section 440(d) of the AEDPA amended § 212(c) to prohibit waivers to lawful permanent residents convicted of aggravated felonies.  See Perez v. Elwood, 294 F.3d 552, 556-57 (3d Cir. 2002).  The Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) then took effect on April 1, 1997, which repealed § 212(c) altogether and replaced it with cancellation of removal under § 240A.

3

Id. at 557. Even so, an alien who pleaded guilty prior to April 1, 1997, and who was eligible for § 212(c) relief at the time he pleaded guilty, remains eligible to apply for § 212(c) relief, notwithstanding his disqualifying conviction. See INS v. St. Cyr, 533 U.S. 289, 326 (2001); 8 C.F.R. § 1212.3(h)(2).

The question in Smith's case, then, is whether he was eligible to apply for § 212(c) relief when he pleaded guilty on March 25, 1997, just a few days before § 212(c) was repealed. The answer to this question turns on whether Smith's 1997 conviction constitutes an aggravated felony. If so, he never was eligible to apply for a § 212(c) waiver – § 440(d) of the AEDPA expressly prohibited it as of April 24, 1996.

We agree with the BIA that Smith's conviction for criminal sale of crack cocaine constitutes an aggravated felony. The INA defines an aggravated felony (for relevant purposes) as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). A state drug conviction constitutes an aggravated felony under the "illicit trafficking route" if the conviction is a felony under state law and encompasses a trafficking element. Gerbier v. Holmes, 280 F.3d 297, 305-06 & 307 n.7 (3d Cir. 2002). The trafficking element is present if the offense involves "the unlawful trading or dealing of a controlled substance." Id. at 305. Absent a trafficking element, a state drug conviction is nonetheless an aggravated felony as a "drug trafficking crime" if it constitutes a "hypothetical federal felony." Gerbier, 280 F.3d at 315. Under the hypothetical federal felony approach, we determine whether the state drug conviction

would be punishable as a felony under an analogous federal statute.  Id.

The BIA determined that Smith's conviction does not constitute "illicit trafficking in a controlled substance" but that it is a "drug trafficking crime" under the hypothetical federal felony approach.  As the BIA explained, under New York law, "selling" includes any form of transfer, even a gratuitous transfer, of a controlled substance from one person to another.  See People v. Starling, 650 N.E.2d 387, 390 (N.Y. 1995).  The BIA reasoned that because "selling" under New York law does not necessarily include a trafficking element, Smith's conviction is not an illicit trafficking offense.

Whether the BIA's decision on this issue is correct presents an interesting question, but one we need not resolve in the current matter.  After ruling that Smith's conviction does not constitute illicit trafficking, the BIA properly considered whether his conviction is a drug trafficking crime under the hypothetical federal felony approach.  Here, the BIA correctly identified the analogous federal felony as distribution of a controlled substance under 21 U.S.C. § 841(a)(1).  See Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003).  Under this approach, Smith's 1997 conviction constitutes a drug trafficking crime and thus an aggravated felony under § 1101(a)(43)(B).  It follows that Smith was not eligible to apply for a § 212(c) waiver at the time he pleaded guilty to an aggravated felony.

Finally, Smith asserts that he is a national of the United States because he served in the military.  The BIA correctly rejected this contention.  A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes

5

permanent allegiance to the United States."  8 U.S.C. § 1101(a)(22).  For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'"  Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).  Smith's prior military service, without more, does not render him a citizen or national of the United States.  See Marquez-Almanzar v. INS, 418 F.3d 210, 216-18 (2d Cir. 2005).

For these reasons, we will deny Smith's petition for review.