**IMG-125**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-2536 and 05-3062
_____

WAYNE WRIGHT,
                                         Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                         Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A43 401 505)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2010

Before:  RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>.

(Filed: April 16, 2010)
_____

OPINION
_____

PER CURIAM

        Wayne Wright, a citizen of Jamaica, petitions for review of an order of the Board

of Immigration Appeals ("BIA").  We will grant the petition and remand for further

proceedings because, as the Government concedes, the BIA erred when it relied on a

police officer's "affidavit of probable cause" to conclude that Wright had been convicted of an aggravated felony.

Wright was admitted to the United States as a lawful permanent resident in September 1992. Thereafter, he was convicted of two crimes in New York state courts. In 1999, he was convicted of third-degree criminal possession of marijuana. See N.Y. Penal Law 221.20. In 2000, he pleaded guilty to fourth-degree criminal sale of marijuana. See N.Y. Penal Law § 221.40.

In October 2002, Wright was charged with removability for having been convicted of an aggravated felony as defined in Immigration and Nationality Act § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B)] (illicit trafficking in controlled substance), see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and for having been convicted of a controlled substance offense, see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. The Immigration Judge ("IJ") concluded that Wright was removable because his convictions related to a controlled substance, but granted his application for cancellation of removal, finding, inter alia, that neither of his convictions constituted aggravated felonies. See INA § 240A(a) [8 U.S.C. § 1229b(a)] ("The Attorney General may cancel removal . . . if the alien . . . has not been convicted of any aggravated felony.").

Ultimately, however, the Board of Immigration Appeals ("BIA") sustained the Government's appeal, determining that Wright's conviction under § 221.40 constituted an aggravated felony because it was punishable as a felony under the federal Controlled

Substances Act ("CSA"). See Gerbier v. Holmes, 280 F.3d 297, 306 (3d Cir. 2002). In making this determination the Board looked to what it described as "an affidavit of probable cause – the accusatory instrument prepared by the arresting officer in connection with the filing of a criminal complaint." In that document, the officer stated that he observed an individual "hand defendant (Wright) a sum of United States currency and in exchange defendant (Wright) did then hand [the individual] a quantity of marijuana." Such an offense, the BIA concluded, would be punishable under 21 U.S.C. §§ 841(a)(1) & (b)(1)(D), which make it a felony to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."[1] Consequently, the Board ordered Wright's removal.

We have jurisdiction over Wright's petition for review pursuant to INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]. See Garcia v. Att'y Gen., 462 F.3d 287, 290-91 (3d Cir. 2006). We exercise plenary review over Wright's legal argument that he

---

[1]In October 2006, the Government moved to stay the briefing schedule pending the United States Supreme Court's decision in Lopez v. Gonzales, 547 U.S. 1054 (2006) (order granting certiorari). After Lopez was decided, 549 U.S. 47 (2006), the Government filed a motion to remand, arguing that Lopez "provides an authoritative interpretation of when a state drug offense can constitute an aggravated felony that the Board did not have the benefit of when it made its decision." Wright opposes the motion, asserting that "the issue decided in Lopez is neither before the BIA nor before this Court." The Court in Lopez held that a state felony conviction for a drug offense that is treated as a misdemeanor under the federal CSA does not constitute an "aggravated felony" under the INA. Id. at 59. Notably, Lopez did not alter Gerbier, under which the BIA found that Wright's state misdemeanor conviction constituted an aggravated felony because it would be punishable as a federal felony. Because Lopez would not alter the BIA's decision in this case, we will deny the government's motion to remand.

3

was not convicted of an aggravated felony. See Ng v. Att'y Gen., 436 F.3d 392, 395 (3d Cir. 2006).

"We apply two independent tests for determining whether a state drug offense constitutes an aggravated felony: the 'illicit trafficking element' route and the 'hypothetical federal felony' route." Evanson v. Att'y Gen., 550 F.3d 284, 288-89 (3d Cir. 2008). Under the "illicit trafficking in any controlled substance" route, the drug offense must (1) be a felony under the state law and (2) contain a "'trafficking element'-- i.e., it must involve 'the unlawful trading or dealing of a controlled substance.'"[2] Gerbier, 280 F.3d at 305. The "hypothetical felony route" requires that the offense, however characterized by the state, be punishable as a felony under the CSA. Id. at 306. Thus, we must compare the elements of the state drug offense to the elements of a federal drug provision referenced in 18 U.S.C. § 924(c)(2). See Steele v. Blackman, 236 F.3d 130, 136 (3d Cir. 2001) (citing Davis, 20 I. & N. Dec. at 544).

Under the CSA, it is a felony to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense" less than 50 kilograms of marijuana. See 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(D). But

---

[2]Neither of Wright's convictions constitute an aggravated felony under the "illicit trafficking" route. The § 221.40 conviction is a state misdemeanor, see N.Y Penal Law 221.40 ("Criminal sale of marihuana in the fourth degree is a class A misdemeanor"), and the criminal possession conviction under § 221.20 does not contain a trafficking element because it does not "involve 'the unlawful trading or dealing of a controlled substance.'" See Gerbier, 280 F.3d at 305 (quoting Matter of Davis, 20 I. & N. Dec. 536, 541 (BIA 1992)).

4

"distributing a small amount of marijuana for no remuneration" is treated as simple possession, and is punishable as a federal misdemeanor.[3] See 21 U.S.C. § 841(b)(4). "A state marijuana conviction is therefore only equivalent to a federal drug felony if the offense involved payment or more than a small amount of marijuana." Evanson, 550 F.3d at 289.

In evaluating whether an alien's conviction constitutes an aggravated felony, we presumptively apply a "formal categorical approach," which precludes us from reviewing the factual basis for the underlying conviction. See Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d Cir. 2004); see also Taylor v. United States, 495 U.S. 575, 600-02 (1990). There are, however, exceptions to this approach that permit a court to look beyond the face of the statute. See Singh, 383 F.3d at 162-63; see also Garcia v. Att'y Gen., 462 F.3d 287, 291-92 (3d Cir. 2006). For instance, a federal statute that enumerates particular categories of offenses that constitute aggravated felonies may invite inquiry into the facts underlying the conviction. See, e.g., Nijhawan v. Holder, 129 S. Ct. 2294, 2300 (2009)

---

[3]Under 21 U.S.C. § 844(a), a defendant's possible sentence may be enhanced to two years if he "commits such offense after a . . . prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final." It appears that Wright committed his § 221.40 offense after his conviction under § 221.20 had become final. We have held, however, that a prior conviction cannot be used to enhance a sentence for purposes of determining whether an alien has been convicted of an "aggravated felony" when his prior conviction was never litigated as part of the criminal proceeding in the crime for which the alien is being removed. See Steele, 236 F.3d 130, 137-38 (3d Cir. 2001); cf. Shepard v. U.S., 544 U.S. 13, 25-26 (2005) (suggesting that there are good constitutional reasons for requiring that the prior conviction must have been charged as an element in the new "enhanced" offense).

5

(holding that INA § 101(a)(43)(M)(i), which refers to "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" "calls for a 'circumstance-specific,' not a 'categorical,' interpretation."). But the enumerating subsection at issue in this case, § 101(a)(43)(B), uses "language that must refer to [a] generic crime[]," and therefore does not call for a "circumstance specific" interpretation. Id.

Departure from the formal categorical approach also may be warranted where the statute of conviction contains disjunctive elements, some of which are sufficient for conviction of the federal offense and others which are not. See Singh, 383 F.3d at 162-63. Under such circumstances, we apply a "modified categorical approach" to determine which of the alternative elements was the actual basis for the underlying conviction. See Jean-Louis v. Att'y Gen., 582 F.3d 462, 466 (3d Cir. 2009); see also Shepard, 544 U.S. at 19-20. This "modified categorical approach," when applied to cases resolved by guilty pleas, permits courts to consider the "statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard, 544 U.S. at 16, 20-23.

Wright pleaded guilty to violating N.Y Penal Law § 221.40, which provides that "[a] person is guilty of criminal sale of [marijuana] in the fourth degree when he knowingly and unlawfully sells [marijuana] . . . ." Importantly, although § 221.40 applies

6

to the "sale" of marijuana, the definition of "sale" encompasses "any form of transfer of a controlled substance," whether or not the transfer was for money. See N.Y. Penal Law 220.00; People v. Starling, 650 N.E.2d 387, 390 (N.Y. 1995); Steele, 236 F.3d at 131 (noting that "one may be convicted of 'criminal sale' [under § 221.40] without evidence of a sale as commonly understood."). Therefore, Wright's conviction under § 221.40 could have been for a nonremunerative transfer of a small quantity of marijuana. See Martinez v. Mukasey, 551 F.3d 113, 119 n.6, 120 (2d Cir. 2008) (stating that "while section 221.40 may cover any quantity over two grams, it arguably covers only quantities below 25 grams, with any larger quantity falling into" another section of the statute). Because such an offense would be only a federal misdemeanor under 21 U.S.C. § 841(b)(4), Wright's conviction does not constitute an aggravated felony under the formal categorical approach. See Martinez, 551 F.3d at 120.

The BIA applied the "modified categorical approach" in this case and concluded that Wright's offense qualified as an aggravated felony. The scope of an alien's guilty plea can be ascertained by examining, inter alia, the "charging document." Shepard, 544 U.S. at 20-23; Garcia, 462 F.3d at 293. Importantly, however, it is impermissible to look to police reports or complaint applications to determine whether a guilty plea "conviction was 'necessarily' for a particular crime defined by the [state] statute that meets the aggravated felony criterion." Larin-Ulloa v. Gonzales, 462 F.3d 456, 464 (5th Cir. 2006). In this case, the BIA relied on a two-page state court document in which the arresting

7

officer attests that he observed Wright receiving money in exchange for marijuana. Under those facts, Wright's conviction would be considered an aggravated felony. It is not clear, though, that the officer's affidavit is the instrument by which Wright was charged, or if it is merely an affidavit offered to the state court in support of charges against him. Notably, even if the affidavit was the charging document, it was not referenced in the state court "sentence and commitment" order, which states only that Wright was "convicted of a crime of 221.40." See Evanson, 550 F.3d at 293 (stating that "a court applying the modified categorical approach may only consider the charging document to the extent that the petitioner was actually convicted of the charges."). We conclude, therefore, that the state court documents are insufficient to establish the facts to which Wright actually pleaded guilty. Consequently, the BIA erred when it considered the officer's affidavit to determine whether Wright had been convicted of an aggravated felony. See Shepard, 544 U.S. at 20-21; Taylor, 495 U.S. at 600-02.

For the foregoing reasons, we will grant the petition and remand for further proceedings consistent with this opinion. The Government's motion to remand is denied. See footnote 1, supra.