■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ALMONTE, Appellant. [917 NYS2d 193]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 25, 2009, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of three years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence showed that defendant intentionally and unjustifiably stabbed the victim with a knife, causing severe injuries.

Defendant did not preserve his claim that the court failed to provide defense counsel with adequate notice and an opportunity to respond to a jury note (*see generally People v O'Rama*, 78 NY2d 270, 277-278 [1991]). The court read the note to counsel verbatim, except for insignificant changes from first to third person. It then announced its proposed response to the note, and defense counsel had no objection. Accordingly, the court fulfilled its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]) and there was no mode of proceedings error which would exempt defendant's present claim from preservation requirements (*see e.g. People v Starling*, 85 NY2d 509, 516 [1995]; *People v Donoso*, 78 AD3d 129 [2010]). We decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal.

Defendant's challenge to the substance of the court's response is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the court provided a meaningful response to the jury's inquiry, and that it was not obligated to go beyond what the jury specifically requested (*see People v Barreto*, 70 AD3d 574 [2010], *lv denied* 15 NY3d 772 [2010]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.