■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYRESS JONES, Appellant. [919 NYS2d 405]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of burglary in the first degree (Penal Law § 140.30 [2], [4]) and one count each of robbery in the first degree (§ 160.15 [4]) and robbery in the second degree (§ 160.10 [2] [a]), defendant contends that Supreme Court failed to comply with CPL 310.30 in responding to three notes from the jury during its deliberation. Defendant failed to preserve for our review his contention with respect to the second and third jury notes. We conclude that the court provided defense counsel with notice of the content thereof and with the substance of the court's intended response (*cf. People v Cook*, 85 NY2d 928, 931 [1995]), and defendant failed to object at that time (*see People v Starling*, 85 NY2d 509, 516 [1995]; *People v Cooley*, 48 AD3d

1091 [2008], *lv denied* 10 NY3d 861 [2008]; *see also People v DeRosario*, 81 NY2d 801, 803 [1993]). Contrary to defendant's contention, the court was not required to read the contents of those notes verbatim into the record (*see generally People v Kadarko*, 14 NY3d 426, 428-429 [2010]). We conclude that defendant waived his contention with respect to the first jury note by consenting to allow the court to respond to requests for exhibits without consulting the attorneys (*see People v Ming Yuen*, 222 AD2d 613 [1995], *lv denied* 88 NY2d 851 [1996]). In any event, that contention is without merit (*see id.*).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.