**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| JERMAINE R DIAS, Germaine Dias, Jermaine Ricardo Dias, Jermaine R. Diaz, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73051 <br><br> Agency No. A074-882-099 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2011
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and WHELAN, Senior District

Judge.[**]

Jermaine Dias petitions for review of the BIA's dismissal of his appeal of an

IJ's decision.  The BIA affirmed the IJ's finding that Dias was removable under 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Thomas J. Whelan, Senior District Judge for the U.S.
District Court for the District of Southern California, San Diego, sitting by
designation.

U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, based on his conviction for criminal sale of marijuana in the fourth degree in violation of New York Penal Law § 221.40.[1]

As the BIA affirmed the order of removal only on the ground that the § 221.40 conviction was a conviction for an aggravated felony, whether that is so is the only issue properly before us. *See Gonzales v. Thomas*, 547 U.S. 183, 186 (2006). Under the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), which we use to determine whether the crime of conviction qualifies as an generic aggravated felony, *Hernandez-Cruz v. Holder*, ---F.3d---, No. 08-73805, 2011 WL 2652461, at *4 (9th Cir. 2011), criminal sale of marijuana in the fourth degree does not constitute an aggravated felony. There are two possible routes through which a state drug crime can qualify as a generic drug trafficking felony: The crime can either contain a "trafficking element" because it involves "some sort of commercial dealing," *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008) (quoting *Lopez v. Gonzalez*, 549 U.S. 46, 53 (2006) (internal quotation marks

---

[1] The BIA declined to reach the IJ's additional holding that Dias's conviction for rape in the third degree, in violation of New York Penal Law § 130.25, also constituted an aggravated felony. Because "[o]ur review is limited to the BIA's decision," *Toro Romero v. Ashcroft*, 382 F.3d 930, 934 (9th Cir. 2004), we do not address this issue either. *See INS v. Ventura*, 537 U.S. 12, 16 (2002).

2

omitted)), or entail conduct that "would be punishable as a felony under federal drug laws," *id*.

Conduct that violates § 221.40 does not necessarily involve "some sort of commercial dealing," *id*., because a person can violate the statute by simply giving away marijuana without consideration. *See* N.Y. Penal Law § 221.40; *id*. § 220.00(1); *People v. Starling*, 650 N.E.2d 387, 390 (N.Y. 1995). A conviction under § 221.40 does not, therefore, categorically contain a "trafficking element," *Rendon*, 520 F.3d at 974 (quoting *Salvejo-Fernandez v. Gonzalez*, 455 F.3d 1063, 1066 (9th Cir. 2006)) (internal quotation marks omitted).

Nor is conduct that violates § 221.40 necessarily punishable as a felony under the federal drug laws. An individual could be convicted under the statute for giving away as few as two marijuana cigarettes or a quantity of marijuana barely exceeding two grams. *See* N.Y. Penal Law §§ 221.40, 221.35. Under federal law, such conduct would be punishable as a misdemeanor rather than as a felony. *See* 21 U.S.C. §§ 841(b)(4), 844(a); *Lopez*, 549 U.S. at 53. Accordingly, a conviction under § 221.40 is not a "categorical match," *Hernandez-Cruz v. Holder*, 2011 WL 2652461, at *4 (9th Cir. 2011), for generic drug trafficking under either of the routes established in *Rendon*.

3

We **GRANT** Dias's petition for review and **REMAND** to the BIA to: (1) apply the modified categorical approach to determine whether Dias's § 221.40 conviction qualifies as an aggravated felony, thus rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii); (2) determine whether Dias is removable on any other ground; or (3) if necessary (e.g., if Dias's § 221.40 conviction turns out not to qualify as an aggravated felony), conduct both inquiries.