THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD C. WOODROW, Appellant. [932 NYS2d 236]—

Garry, J. 

Defendant was arrested in the Town of Windsor, Broome County and later indicted on one count each of sexual abuse in the first degree, sexual abuse in the second degree, forcible

---

touching and endangering the welfare of a child. These charges arose from allegations that, among other things, he touched or rubbed the vagina of an 11-year-old child and later gave her money in an effort to influence her not to report the incident. Following a jury trial, he was convicted of sexual abuse in the second degree and endangering the welfare of a child. County Court sentenced him to prison terms of one year for each conviction, to run consecutively. Defendant appeals.

During deliberations, the jury sent the following note: "Charges (1) Can't come to unanimous decision (2) Can't come to unanimous decision (3) Not Guilty (4) Can't come to unanimous decision." Outside the presence of the jury, County Court told defendant and the attorneys that "in sum or substance [the note] indicates that they could not come to a unanimous verdict on three of the four counts." The court proposed that it would give an *Allen* charge and direct the jury to "try again," and then asked defense counsel and the prosecutor, in turn, whether they wished to be heard. Both declined. When the jurors returned to the courtroom, the court said, "I have received your latest note. In sum or substance it indicates that you cannot agree on [three] of the four counts I am told." The court then administered the *Allen* charge. Defendant contends that by failing to read the note into the record verbatim, the court committed a mode of proceedings error requiring reversal (*see* CPL 310.30; *People v Tabb*, 13 NY3d 852, 853 [2009]; *People v Lewis*, 77 AD3d 579, 579-580 [2010], *lv denied* 16 NY3d 744 [2011]).

It is well settled that "[w]hen presented with a substantive inquiry from a jury, the trial court is 'obligated to give [the] defendant and defense counsel meaningful notice of the precise contents of the jury's note and an advance opportunity to suggest appropriate responses' " (*People v Carpenter*, 52 AD3d 1050, 1050 [2008], *lv denied* 11 NY3d 735 [2008], *cert denied* 556 US —, 129 S Ct 1613 [2009], quoting *People v King*, 277 AD2d 708, 711 [2000], *lv denied* 96 NY2d 802 [2001]; *see* CPL 310.30; *People v O'Rama*, 78 NY2d 270, 276-278 [1991]). This obligation is a "core responsibility" of the court, and thus no objection is required to preserve the question for appellate review (*People v Kisoon*, 8 NY3d 129, 135 [2007]; *see People v Starling*, 85 NY2d 509, 516 [1995]). The Court of Appeals has outlined procedures to be followed in responding to a jury's inquiry, establishing that the proper course is to read the note into the record verbatim (*see People v O'Rama*, 78 NY2d at 277-278). However, the Court also acknowledged that departures might be appropriate in some circumstances, stating that its intent "[was] not to mandate adherence to a rigid set of

procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel's input is most meaningful, i.e., before the court gives its formal response" (*id.* at 278). A court's decision to paraphrase a note or even to withhold part of its contents does not necessarily constitute a mode of proceedings error where sufficiently specific information about the note's contents is provided to constitute meaningful notice to counsel, with an opportunity to respond (*see People v Kadarko*, 14 NY3d 426, 429-430 [2010]; *People v Jones*, 82 AD3d 1582, 1582-1583 [2011], *lv denied* 17 NY3d 797 [2011]; *People v Donoso*, 78 AD3d 129, 135 [2010], *lv denied* 15 NY3d 952 [2010]).

Here, defense counsel was explicitly advised that County Court was summarizing the jury's note, but did not ask to have the note read verbatim or request further clarification (*compare People v Stevens*, 216 AD2d 676, 679 [1995], *lv denied* 87 NY2d 908 [1995]). The court's paraphrase closely tracked the language repeated three times in the jury's note—"Can't come to unanimous decision." Further, the court revealed to counsel that the jury had reached unanimity on one of the four counts, although withholding the information that the jury had also revealed the verdict it would render. The better practice would surely have been to advise counsel that this information was being withheld; nonetheless, even without this knowledge, defense counsel had sufficient information regarding the state of the jury's deliberations to request a partial verdict, had he thought such a course more appropriate than the court's proposal to administer an *Allen* charge (*see* CPL 310.70; *compare People v Bowman*, 79 AD3d 1368, 1370 [2010], *lv denied* 16 NY3d 828 [2011]). Thus, no prejudice resulted from counsel's lack of knowledge that the jury had prematurely revealed part of its verdict to the court (*compare People v King*, 277 AD2d at 711).* The court's summarization was sufficiently specific "to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response" (*People v Kisoon*, 8 NY3d at 134). We therefore find that the error was not a mode of proceedings error, as the court fulfilled its core responsibility (*see People v Kadarko*, 14 NY3d at 429-430; *People v Jones*, 82 AD3d at 1582-1583; *People v Donoso*, 78 AD3d at 135), and preservation was required. Further, for the reasons set forth above, reversal is not warranted in the interest of justice (*see People v Almonte*, 81 AD3d 564, 565 [2011], *lv denied* 16 NY3d 892 [2011]).

Defendant next contends that County Court imposed a harsh

---

* Notably, the jury's ultimate verdict on the third count of the indictment—forcible touching—was an acquittal, as the note indicated that it would be.

and excessive sentence by directing his prison terms to run consecutively rather than concurrently. In view of the disturbing nature of the crimes, defendant's continued efforts after conviction to blame the 11-year-old victim rather than accepting responsibility for his actions, and his criminal history, we find no extraordinary circumstances or abuse of discretion requiring reduction in the interest of justice (*see People v Smith*, 84 AD3d 1592, 1592-1593 [2011]; *People ,v Dolan*, 51 AD3d 1337, 1341 [2008], *lv denied* 12 NY3d 757 [2009]).

Spain, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.