**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2953
_____

GERMAN RENE CARDENAS PERDOMO,
a/k/a German Cardenas,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A036-859-940)
Immigration Judge:  Honorable Leo Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 13, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed June 14, 2013)
_____

OPINION
_____

PER CURIAM

German Rene Cardenas Perdomo ("Cardenas") petitions for review of the Board

of Immigration Appeals' ("BIA" or "Board") dismissal of his appeal.  For the following

reasons, we will deny the petition for review.

Cardenas, a citizen of El Salvador, entered the United States as a lawful permanent resident in 1979.  In 2003, he pled guilty to criminal sale of cocaine in the fourth degree, in violation of N.Y. Penal Law § 220.34(1), and was sentenced to six months' imprisonment followed by five years' probation.  In 2008, he was resentenced to one year of imprisonment for violating his probation after pleading guilty to criminal possession of cocaine in the seventh degree, in violation of N.Y. Penal Law § 220.03.  Cardenas was later served with a Notice to Appear charging him with being removable under 8 U.S.C. § 227(a)(2)(A)(iii) on the basis of an aggravated felony conviction as defined by 8 U.S.C. § 1101(a)(43)(B), and under 8 U.S.C. § 1227(a)(2)(B)(i) on the basis of a controlled substance violation.

At a hearing before the Immigration Judge ("IJ"), Cardenas admitted the factual allegations but denied that he was removable for having committed an aggravated felony.  The IJ sustained the aggravated felony charge of removability but granted him two continuances to pursue post-conviction relief for his 2003 conviction under Padilla v. Kentucky, 559 U.S. 356 (2010).  At his merits hearing, the IJ determined that Cardenas' aggravated felony conviction rendered him ineligible for asylum and withholding of removal and denied his request for relief under the Convention Against Torture ("CAT") because he had not demonstrated that he would likely face torture upon his return to El Salvador.

On appeal to the BIA, Cardenas asserted that the IJ erred in denying his "claim of fear," erred in denying him deferral of removal under the CAT, and abused his discretion

by denying his request for an "adjournment" to continue to pursue post-conviction relief. The Board dismissed his appeal, noting that he had not disputed the IJ's finding of removability based on his aggravated felony and controlled substance convictions. The BIA further determined that the IJ properly denied Cardenas' asylum and withholding of removal applications because of his disqualifying convictions, and that his request for deferral of removal under the CAT was proper because he had not shown that Salvadoran criminal gangs would likely torture him. Additionally, the Board noted that his claim regarding a continuance was not properly before it because he had not requested a continuance at his merits hearing and alternatively, because he had not shown good cause for such a continuance.

## II.

Generally, we lack jurisdiction to review a final order of removal against an alien, like Cardenas, who is removable for having been convicted of certain criminal offenses. 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to review any constitutional or legal questions raised in his petition for review. See 8 U.S.C. § 1252(a)(2)(D); Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006).

3

III.

Cardenas first challenges whether his conviction for criminal sale of cocaine is an aggravated felony. We have jurisdiction to review this question.[1] Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007) (exercising plenary review over petitioner's legal argument that he was not convicted of aggravated felony). Under 8 U.S.C. § 1227(a)(43)(B), a state drug conviction is an aggravated felony if it would be punishable as a felony under the federal Controlled Substances Act ("CSA"). See Thomas v. Att'y Gen., 625 F.3d 134, 142 (3d Cir. 2010); Evanson v. Att'y Gen., 550 F.3d 284, 288-89 (3d Cir. 2008).

We apply the formal categorical approach to determine whether Cardenas' conviction would be punishable as a felony under the CSA. Moncrieffe v. Holder, 133 S. Ct. 1678, 1684-85 (2013). Application of this approach requires us to examine N.Y. Penal Law § 220.34(1), without considering the particular facts underlying Cardenas' conviction, to determine whether a violation is punishable as a felony under the CSA. Garcia v. Att'y Gen., 462 F.3d 287, 291 (3d Cir. 2006). Under § 220.34(1), "[a] person is guilty of criminal sale of a controlled substance in the fourth degree when he knowingly

---

[1] The Government asserts that we lack jurisdiction to consider this argument because Cardenas failed to raise it on appeal to the BIA. However, the Board addressed the issue sua sponte, by holding that Cardenas was not eligible for asylum or withholding of removal because he had "been convicted of a disqualifying 'particularly serious crime,'" a determination made after a finding that the petitioner has been convicted of an aggravated felony. See 8 U.S.C. § 1231(b)(3)(B); Alaka v. Att'y Gen., 456 F.3d 88, 105 (3d Cir. 2006) (offense must be aggravated felony in order to be classified as particularly serious crime); see also Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008) (noting that when the BIA sua sponte addresses an otherwise unexhausted issue, failure to raise the issue on administrative appeal may be excused).

and unlawfully sells a narcotic preparation." "Sell" is defined to mean "sell, exchange, give or dispose of to another, or to offer or agree to do the same." N.Y. Penal Law § 220.00. Therefore, the statute under which Cardenas was convicted in 2003 applies to any transfer of cocaine. See People v. Starling, 650 N.E.2d 387, 390 (N.Y. 1995) (by enacting broad definition of "sell," legislature evinced clear intent to include any form of transfer of controlled substance).

Our review leads us to conclude that Cardenas' 2003 felony conviction for criminal sale of cocaine under N.Y. Penal Law § 220.34(1) corresponded to the federal offense of distribution of a controlled substance under 21 U.S.C. § 841(a)(1).[2] Under this statute, "distribute" means "to deliver," 21 U.S.C. § 802(11), and "deliver" means "the actual, constructive, or attempted transfer of a controlled substance," 21 U.S.C. § 802(8). Furthermore, remuneration is not required to satisfy the requirements of "delivery" or "distribution" of a controlled substance. See United States v. Wallace, 532 F.3d 126, 129 (2d Cir. 2008). Accordingly, Cardenas' 2003 conviction is punishable as a felony under the CSA because violations of § 841(a)(1) are punishable by a term of imprisonment greater than one year.[3] See 21 U.S.C. § 841(b)(1)(C); Gerbier v. Holmes, 280 F.3d 297, 316 (3d Cir. 2002).

---

[2] Cardenas' argument that his conviction for criminal sale of cocaine corresponds to a misdemeanor conviction for simple possession of cocaine under 18 U.S.C. § 844(a) is misplaced, as N.Y. Penal Law § 220.34(1) criminalizes drug sales, not drug possession.

[3] Even if we were to apply the modified categorical approach, as urged by Cardenas, see Thomas, 625 F.3d at 143 (applying modified categorical approach to analyze New York misdemeanor conviction for criminal sale of marijuana), Cardenas has failed to demonstrate that he did not, by pleading guilty, admit the elements of the offense of

5

Cardenas further alleges that the BIA erred by determining that his conviction for an aggravated felony rendered him ineligible for withholding of removal.[4] An aggravated felony is a "particularly serious crime" for the purpose of eligibility for withholding if, as here, the alien is sentenced to less than five years and the Attorney General exercises his discretion to determine that the crime was "particularly serious." 8 U.S.C. § 1231(b)(3)(B). A drug trafficking conviction is presumptively a "particularly serious crime"; however, that presumption may be overcome by showing "extraordinary and compelling circumstances."[5] Matter of Y-L-, 23 I. & N. Dec. 270, 276 (BIA 2002).

---

criminal sale of cocaine. Furthermore, he has not argued that the Government failed to meet its burden of proof by providing the certificate of disposition relating to his 2003 conviction. See 8 U.S.C. § 1229a(c)(3)(B) (listing documents that constitute proof of criminal conviction).

[4] The Government asserts that we also lack jurisdiction to consider this argument because of Cardenas' failure to raise it before the BIA. However, as discussed above in note one, the BIA sua sponte considered this issue. Accordingly, we excuse Cardenas' failure to raise it in his administrative appeal. See Lin, 543 F.3d at 123-24.

[5] Those circumstances, at a minimum, must include:

> (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or threat of violence, implicit or otherwise, associated with the offense; (5) the absence of any organized crime or terrorist organization involvement, direct or indirect, in relation to the offending activity; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles.

Lavira v. Att'y Gen., 478 F.3d 158, 161-62 (3d Cir. 2007) (quoting Matter of Y-L-, 23 I. & N. Dec. at 276-77), overruled on other grounds by Pierre v. Att'y Gen., 528 F.3d 180 (3d Cir. 2008) (en banc). This test is a conjunctive test; accordingly, all circumstances must be present to warrant a departure. Id. at 162.

Here, the BIA reasonably concluded that Cardenas remained ineligible for withholding because he did not present any evidence of these circumstances to warrant a departure from the presumption.

As an aggravated felon convicted of a "particularly serious crime," Cardenas could only apply for deferral of removal under the CAT. See Khouzam v. Att'y Gen., 549 F.3d 235, 243 (3d Cir. 2008). We retain jurisdiction to review Cardenas' legal questions regarding his eligibility for CAT relief. See Pierre, 528 F.3d at 184. As an initial matter, Cardenas' arguments that the BIA erred in relying on the "specific intent doctrine" and by not conducting a "willful blindness" analysis are misplaced, as we have previously held that "the CAT requires a showing of specific intent" and that "[w]illful blindness can be used to establish knowledge but it does not satisfy the specific intent requirement in the CAT." Id. at 189, 190.

Cardenas also alleges that the BIA failed to consider relevant evidence concerning whether he established eligibility for deferral of removal.[6] Despite the limitations on our jurisdiction noted above, we may review this claim. See Green, 694 F.3d at 508 (addressing the merits of criminal alien's claim that "the IJ and BIA committed legal

---

[6] Cardenas appears to also challenge the weight that the agency gave to his evidence when evaluating his eligibility for CAT relief. See Green v. Att'y Gen., 694 F.3d 503, 508 (3d Cir. 2012) ((recognizing that petitioner's "real argument is *not* that relevant evidence was ignored, but rather that the IJ incorrectly weighed evidence in making factual determinations."). However, it is clear that we lack jurisdiction over such a claim. See Pieschacon-Villegas v. Att'y Gen., 671 F.3d 303, 309 (3d Cir. 2011) (court lacks jurisdiction to review criminal alien's disagreement with BIA's determination that his evidence is insufficient to demonstrate eligibility for CAT relief.).

7

error by ignoring relevant evidence in the record"). But Cardenas has failed to identify any specific evidence that was overlooked, and we discern no error.[7]

We also cannot understand how the IJ violated Cardenas' due process rights by denying his request for another continuance to continue to pursue post-conviction relief in state court, as he never made such a request at his merits hearing. See Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010) (showing of substantial prejudice required to establish due process violation). Furthermore, his conviction remains final for immigration purposes despite any pending collateral attack. Paredes v. Att'y Gen., 528 F.3d 196, 198-90 (3d Cir. 2008); cf. Chaidez v. United States, 133 S. Ct. 1103, 1105 (2013) (holding that Padilla is not retroactively applicable to cases on collateral review).

Finally, in his brief, Cardenas appears to assert that his removal would work a hardship on his children. He did not exhaust this claim before the Board, and we therefore lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012). In any event, we would lack jurisdiction to consider any discretionary decision, including any "exceptional and extremely unusual" hardship determination. See 8 U.S.C. § 1252(a)(2)(B)(i); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010).

IV.

---

[7] Furthermore, we lack jurisdiction to consider the factual question of whether Cardenas is likely to be tortured in El Salvador. Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010) (question of what is likely to happen to petitioner if removed is factual). To the extent that Cardenas alleges that what is likely to happen to him amounts to the legal

8

For the foregoing reasons, we will deny the petition for review. The

Government's request to withdraw its motion to dismiss is granted.

---

definition of torture, the BIA reasonably concluded that it did not. <u>See</u> <u>id.</u> at 271-72.