Matter of Kevin W. (Kevin W.) (2021 NY Slip Op 03395)





Matter of Kevin W. (Kevin W.)


2021 NY Slip Op 03395


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Docket No. N11053/20 Appeal No. 13920-13920A Case No. 2021-00001 

[*1]In the Matter of Kevin W., A Child Under Eighteen Years of Age, etc., Kevin W., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


The Bronx Defenders, Bronx (David Shalleck-Klein of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Orders, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about December 23, 2020, and February 3, 2021, which to the extent appealed from as limited by the briefs, directed respondent father to stay away from the subject child, unanimously reversed, on the law and the facts, without costs, and the temporary orders of protection vacated as to the child.
The father's appeal is not moot as he timely appealed from the superseding temporary order of protection currently in effect, which, upon the expiration of the original temporary order of protection issued by the Family Court, merely extended its same terms without taking any new evidence.
Contrary to the contentions of the Administration for Children's Services (ACS) and the attorney for the child (AFC), the record indicates that the court held a Family Ct Act § 1027 hearing, upon the father's request, to determine whether to issue a temporary order of protection on behalf of the subject child. Notably, neither ACS nor the AFC argued before the Family Court that the father was not entitled to a section 1027 hearing, and thus those arguments are unpreserved on appeal (see People v Starling, 85 NY2d 509, 516 [1995]).
In any event, we find that a section 1027 hearing was appropriate here, where ACS stipulated that the father was a caretaker to the child, and the father's testimony that he and the mother lived together with the child up until the incident underlying the article 10 proceeding went unchallenged. Under these circumstances, the father was entitled to the due process protections afforded by Family Ct Act § 1027 (see Matter of Elizabeth C. [Omar C.], 156 AD3d 193, 203, 206 [2d Dept 2017]).
Accordingly, the applicable standard was whether the relief sought by ACS — a temporary order of protection on behalf of the child — was necessary to eliminate an "imminent risk" to the child's life or health (id. at 206; see generally Nicholson v Scoppetta, 3 NY3d 357, 379 [2004]), not whether there was "good cause shown" to issue
such an order (Family Ct Act § 1029). It is undisputed that ACS did not meet this burden. As such, we vacate the temporary orders of protection as to the child. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021