People v Pinkston (2021 NY Slip Op 05636)





People v Pinkston


2021 NY Slip Op 05636


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Ind No. 4746/17 Appeal No. 14350 Case No. 2020-02166 

[*1]The People of the State of New York, Respondent,
v
Anthony Pinkston, Defendant-Appellant.


Jonathan Rosenberg, PLLC, Brooklyn (Ralph P. Franco, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered January 29, 2020, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The court's responses to jury notes satisfied the requirements of People v O'Rama (78 NY2d 270 [1991]). The court did not paraphrase or summarize the jury's requests, but disclosed them to counsel in full in the jury's own words. The reading was essentially verbatim, except where the court used the third person, as in "they are asking," or interrupted the reading for colloquy with counsel (see People v Almonte, 81 AD3d 564, 565 [2011], lv denied 16 NY3d 892 [2011]; People v Ramirez, 60 AD3d 560, 561 [1st Dept 2009], affd 15 NY3d 824 [2010]). Defendant's remaining complaints about the court's handling of jury notes do not implicate the mode of proceedings, and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we also reject them on the merits.
The court providently exercised its discretion in permitting a police officer who had arrested defendant for driving while intoxicated several months before the charged homicide to identify defendant in a surveillance video from the night of that crime (see People v Coleman, 78 AD3d 457 [1st Dept 2010], lv denied 16 NY3d 829 [2011]). Defendant had "changed his . . . appearance since being photographed or taped," and the detective, who had ample familiarity with defendant, "knew the defendant before that change of appearance" (id. at 458). Defendant's challenges to the admission of a portion of a video of himself taken in connection with his intoxicated driving arrest are unavailing especially given the court's instruction of the limited purpose for which it was offered.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's identity as the assailant was established by a chain of persuasive circumstantial evidence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021